[No. 167. Decided June 15, 1891.]

DEXTER HORTON & CO., *Bankers*, v. E. E. LONG, *Trustee*.

2   435
13  310
14  526

FORECLOSURE OF MORTGAGE — PLEADING — CORPORATION — ULTRA VIRES — ATTORNEY'S FEE.

In an action to foreclose a mortgage the allegation that a party, who is made co-defendant with the mortgagor, has, or claims to have, some interest in, or claim upon, the mortgaged premises, is sufficient without averring the character of the interest.

Where a mortgage by a corporation was not authorized by its trustees, but was executed by its president and secretary, who were two of its three trustees, and the corporation received the benefits of the mortgage, the defects in its original execution will be regarded as cured by ratification.

Where the complaint in a foreclosure proceeding alleges that §250 is a reasonable attorney's fee, and the answer denies that any greater sum than $100 is a reasonable fee, the court should, in the absence of testimony on the point, find that $100 is a reasonable attorney's fee.

## Appeal from Superior Court, King County.

Action by E. E. Long, trustee, to foreclose a mortgage executed by Builders' Material Company, to which Dexter Horton & Co. were made defendants, on the ground that they claimed to have some interest in the property. The Builders' Material Company never appeared or answered, and judgment was entered against it by default. Dexter Horton & Co. filed its demurrer upon the ground "that said complaint does not state facts sufficient to constitute a cause of action against this defendant." Demurrer overruled, and defendant answered over, denying the allegations of the complaint, but not setting up its interest in the property. Judgment for plaintiff, and Dexter Horton & Co. appeal.

*Cole, Blaine & De Vries,* for appellant.

All the corporate powers of a corporation, under the laws of Washington, must be exercised by a board of trustees. Code 1881, § 2425; *Gashwiler v. Willis,* 33 Cal. 12 (91 Am. Dec. 607); *McCullough v. Moss,* 5 Denio, 567; *Leggett v. Banking Co.,* 1 N. J. Eq. 541 (23 Am. Dec. 728). The execution of a mortgage is the exercise of a corporate power. *Gashwiler v. Willis,* 33 Cal. 19 (91 Am. Dec. 607). It is not an ordinary duty of the president and secretary to execute a mortgage. *Leggett v. Banking Co.,* 1 N. J. Eq. 554 (23 Am. Dec. 728); *Hoyt v. Thompson,* 5 N. Y. 334; *Bliss v. Kaweah, etc., Co.,* 65 Cal. 504. The power to them, if any, must be a delegated power; and such power is never presumed; it must be proved. *Twelfth Street Market Co. v. Jackson,* 102 Pa. St. 274; Morawetz, Priv. Corp., § 616.

*Allen & Powell,* for appellee.

The allegation as to appellant's interest in the property is sufficient. If appellant desired to maintain its interest in this action it was its duty to plead its interest, if it had any.    *Poett v. Stearns,* 28 Cal. 227, and 31 Cal. 78; *Anthony v. Nye,* 30 Cal. 402 (89 Am. Dec. 124); 1 Daniel's Chancery, §§ 330, 274, 275, 366; Pomeroy's Remedies (2d ed.), § 341; *Mitchell v. Steelman,* 8 Cal. 369; *Martin v. Noble,* 29 Ind. 216.

Neither the Builders' Material Company nor appellant can deny the authority of the officers to execute the instrument. 2 Morawetz, Priv. Corp. (2d ed.), § 585, *et seq.; Union Nat. Bank v. Matthews,* 98 U. S. 621; *Jones v. New York, etc., Co.,* 101 U. S. 622; *Wright v. Hughes,* 119 Ind. 324 (12 Am. St. Rep. 412); *Gordon v. Preston,* 1 Watts, 385 (26 Am. Dec. 75); *Beecher v. Rolling Mill Co.,* 45 Mich. 103.

The defendant, the Builders' Material Company, has, by its silence and acquiescence in, and acting under and appropriating the fruits of, the contract, estopped itself and those claiming under it from denying its validity. *Zabriskie v. Cleveland,* 23 How. 384; *Bissell v. Jeffersonville,* 24 How. 287; *County v. Emigrant Co.,* 93 U. S. 124; *Gas Co. v. City of San Francisco,* 9 Cal. 453; *Pixley v. Railroad Co.,* 33 Cal. 192 (91 Am. Dec. 623); *Hitchcock v. Galveston,* 96 U. S. 341; *Oakland v. Rier,* 52 Cal. 270; *Argenti v. City of San Francisco,* 16 Cal. 256; *Main v. Casserly,* 67 Cal. 128; *Wright v. Hughes,* 119 Ind. 324 (12 Am. St. Rep. 412); *Jones v. New York, etc., Co.,* 101 U. S. 622; *Union National Bank v. Matthews,* 98 U. S. 621.

The opinion of the court was delivered by

DUNBAR, J. — We are of the opinion that, construing the complaint together, and considering the relief prayed for, the complaint is simply for a foreclosure of a mortgage, and that the question of whether or not the vendor's lien exists in this state is not in issue in this case. There were

some allegations in the complaint which were not necessary to a complaint in foreclosure, but they were subject to a motion to strike, and were not grounds of demurrer. The demurrer, we think, was properly overruled.

It is contended by the appellant that the complaint should have alleged what interest the appellee had in the lands which plaintiff sought to foreclose. The sufficiency of the complaint in this respect, it seems to us, is established by almost universal usage. The form prescribed by Estee is:

"The defendant has or claims some interest in or lien upon the said real property; but the same, whatever it may be, is subject to the lien of the said mortgage."

This is substantially the same as the tenth allegation in the complaint in this clause, and is all the allegation that is necessary. The defendants' answer was a general denial, and their claim, if they had any, was not disclosed. It is claimed by the appellant that this was not a disclaimer of interest, and that it put in issue the fact that it was subject to plaintiff's lien, and cites *Elder v. Spinks*, 53 Cal. 293, in support of its contention. This case evidently sustains appellant's theory, but is in conflict with the earlier California authorities, and, we believe, with the well established and generally recognized practice. In *Anthony v. Nye*, 30 Cal. 402 (89 Am. Dec. 124), it was held that in an action to foreclose a mortgage, the allegation that a party who is made co-defendant with the mortgagor has, or claims to have, some interest or claim upon the mortgaged premises, is sufficient without averring the character of the interest; and Judge SAWYER, who rendered the opinion, says: "The allegation of her claim and interest is in the form universally adopted and long established. The plaintiff is not supposed to know the nature of every person's claim. It is enough that a claim is set up. It is the defendant's business, when thus called upon, to disclose its nature. There is no personal judgment against the wife. If she has no claim, she is in

no way injured. If she has any, she has had an opportunity to present it. There is neither merit nor plausibility in the objection"—the objection being that the complaint did not disclose the defendant's interest. To the same effect, see *Mitchell v. Steelman*, 8 Cal. 363; Pomeroy on Remedies (2d ed.), § 341. We think the doctrine laid down by the earlier California courts much more in harmony with the general rules governing pleadings than the doctrine promulgated by the latter case, and therefore feel bound to follow it. The only object in making Dexter Horton & Co. parties to the suit was to settle any claim that they might set up to the mortgaged premises. The object of the law in permitting this is to avoid a multiplicity of suits, so that all claimants may have their rights adjusted in one action.

Another objection raised by the appellant is, that the mortgage was not executed by the trustees of the defendant corporation, but that the president and secretary, by whom the mortgage was executed, had no authority to enter into such a contract, and that it was therefore *ultra vires*. Even conceding that the contract was *ultra vires*, and that the appellant has placed himself in a position in this case to legally allege it, under the testimony in this case it will not avail against the plaintiff. The corporation was attempting to execute a *bona fide* mortgage. It was within the power of the corporation to execute it, and its officers and agents were trying to carry out the will of the corporation. There were but three trustees, and two of them signed the mortgage, but not as trustees. They did not go through the form of an authorization by resolution, but a majority of those who had power to pass the resolution, by a short cut, brought about the result which the resolution would have authorized. The formality of the resolution, it is true, was omitted, but the corporation taking possession of the property by virtue of the mortgage indorsed its execution, and if there were any techni-

cal defect in its original execution it has been cured by acquiescence and ratification. Where money has been obtained by a corporation· upon its securities, which are irregular and *ultra vires,* but the money was applied for the benefit of the company with the knowledge and acquiescence of the stockholders, the company and the shareholders are estopped from denying the liability of the company to repay it.. *In re Cork & Youghal Ry. Co.,* L. R. 4 Ch. App. 748. And a court of equity abhors forfeitures, and will not lend its aid to enforce them. *Marshall v. Vicksburg,* 15 Wall. 146. Neither will it give its aid to the assurance of a mere legal right contrary to the equity and justice of the case. *Lewis v. Lyons,* 13 Ill. 117. In this case the contract is not executory, but is executed, and a stronger rule obtains in favor of the validity of the contract. Says the supreme court in *Bradley v. Ballard,* 55 Ill. 413 (8 Am. Rep. 656):

"But if any one of the parties proceeds in the performance of the contract, expending his money and his labor in the production of values which the corporation appropriates, we can never hold the corporation excused from payment on the plea that the contract was beyond its power."

Such we believe to be the doctrine of the authorities. generally.

We have examined the other points raised by appellant,. and are unable to find any error. All the facts found by the court are, in our opinion, justified by the testimony, with the exception of the fact that $150 is a reasonable attorney's fee. The complaint alleged $250 as a reasonable attorney's fee. The answer denied that any greater sum than $100 is a reasonable attorney's fee in this case. There being no testimony offered on this point, and as the reasonableness of an attorney's fee, when denied, must be proven as any other fact, the court should have found that $100 was a reasonable attorney's fee, and rendered judg--

ment accordingly. The case will be remitted to the lower court, with instructions to modify the judgment in accordance with this opinion.

ANDERS, C. J., and SCOTT and STILES, JJ., concur.

HOYT, J., did not sit at the hearing.