[No. 1968.  Decided December 26, 1895.]

T. N. ALLEN, *Trustee, Respondent,* v. OLYMPIA LIGHT AND POWER COMPANY, *Appellant.*

CORPORATIONS — ACTIONS AGAINST PENDING RECEIVERSHIP — CONTRACTS — RATIFICATION — PLEADING — INCONSISTENT DEFENSES.

The appointment of a receiver of a corporation does not prevent an action against it upon a promissory note executed before the receivership.

A corporation cannot escape obligation under its contracts on the ground of the want of authority of its officers to execute them, when the corporation has received the benefits of such contracts.

A plea of want of consideration in an answer is inconsistent with an admission in an affirmative defense that there was a consideration for the contract sued on, and in such case plaintiff cannot be put upon proof of the matter denied.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge.  Affirmed.

*John P. Judson,* and *John C. Kleber,* for appellant.
*T. N. Allen,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The complaint in this case alleges that on the 1st day of June, 1893, the defendant, the Olympia Light & Power Company, for value received, executed and delivered to A. H. Chambers, George D. Shannon, E. T. Young, R. Frost and A. Farquhar, its promissory note, whereby it promised to pay to the order of said payees the sum of $8,000, with interest, etc., and sets out the note executed; alleges that on the same day, for value received, Chambers and others indorsed and delivered to plaintiff said promissory note aforesaid, said indorsement being, "Pay to the order of T. N. Allen, Trustee; presentment, protest and notice

waived," signed by the payees. Alleges that the plaintiff was the owner and holder of the note and that no part thereof has been paid except the sum of $1,300.

The defendant's amended answer alleges that the Olympia Light & Power Company is in the hands of a receiver; admits that the promissory note set out in plaintiff's complaint was signed as it appears in the complaint to have been signed, but denies that there was any consideration for said note; denies each and every allegation contained in the third paragraph of the complaint, said paragraph being the one which alleges that Chambers and others indorsed and delivered to the plaintiff said promissory note. For further defense the answer alleges that at the time of the execution of said note the plaintiff was the attorney for defendant corporation; alleges that on said day the defendant borrowed directly from the plaintiff the sum of $8,000, and that when said loan was made by defendant from the plaintiff it was understood and agreed that as security for said loan the defendant company should give to plaintiff its note, which note should be signed by A. H. Chambers, George D. Shannon, E. T. Young, R. Frost and A. Farquhar, as sureties. That none of these sureties had any interest in said loan or the money loaned by the plaintiff to defendant, and that for defendant's accommodation and at plaintiff's request, the said parties agreed to sign the said note as sureties. The defense then alleges some controversy between the plaintiff and defendant in regard to the note, which is not material, but alleges that at the time of the execution of the note the president and secretary had no authority to sign said note, which fact was known to plaintiff; denies generally the authority of the president and secretary

to execute the note. The defense states affirmatively that upon representations made by the plaintiff the note was executed by the president and secretary of the defendant company, they both protesting that it was wrong and plaintiff assuring them that it was right. This is a brief synopsis of what is set forth in the answer. To this answer a demurrer was interposed, which was sustained by the court, and judgment was rendered for the amount prayed for.

It is contended by the appellant, first, that the demurrer should not have been sustained because the answer alleged want of consideration, which was a good defense to the action; secondly, because there was want of authority shown in the officers who executed the note; third, because the defense showed that the property of the defendant was in the hands of a receiver; and the second is repeated substantially in the fourth contention.

Commencing with the last contention, it is only necessary to say that the appointment of a receiver does not work a dissolution of the corporation. This action was not for the purpose of ousting the receiver of the possession, but was one for the purpose of litigating the question of ultimate right to the property, and the answer that the company was in the hands of a receiver was, therefore, not material.

The second contention, viz., the want of authority in the officers to make the note in suit, will not serve the defendant when it appears, as it does from the pleadings in this case, that it had the benefit of the money which it received by reason of the execution of the note. This court has often decided that corporations cannot escape their honest obligations by pleading want of authority to execute a contract where, as a result of the contract, the corporation had received

the benefit of the money obtained. See *Dexter Horton & Co. v. Long*, 2 Wash. 435 (27 Pac. 271); *Tootle v. First National Bank*, 6 Wash. 181 (33 Pac. 345).

See, also, 2 Morse, Banks and Banking (3d ed.), § 743; *Bradley v. Ballard*, 55 Ill. 413 (7 Am. Rep. 656); Green's Brice's Ultra Vires (2d ed.), p. 729, note a; *Railway Company v. McCarthy*, 96 U. S. 258.

The first contention, viz., that the want of consideration pleaded in the answer should defeat the demurrer, notwithstanding the fact that the consideration was admitted in the affirmative defenses, which raises the question of inconsistent defenses, has been considered at length by this court in the case of *Seattle National Bank v. Carter, ante,* p. 281. In fact, the two cases were investigated together, and it was there announced that defenses which were inconsistent to the extent of being untrue would not be sufficient to put the plaintiff upon proof. All that was said in the case above cited applies to this case, so that it will not be necessary here to enter again into the discussion of that question.

That portion of the answer in relation to how Chambers and others came to transfer the note, and the rights of Chambers and others, has no place in this case. This action is not brought to determine the liability of Chambers and others, the payees on this note, but it is brought directly against the appellant, the Olympia Light & Power Company; and if the demurrer had not been sustained, such portion should have been stricken from the answer as matter absolutely irrelevant.

There seems to be no defense whatever to this action so far as the complaint and answer show. The plaintiff loaned the money to defendant. The defendant executed the note and received the money mentioned

therein.    It has appropriated it to its own use, and no reason appears why it should not pay it.

The judgment will be affirmed.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.