(No. 5508.  Decided July 28, 1905.)

FRANK KRISCH, *Respondent,* v. THE INTER-STATE FISHERIES COMPANY, *Appellant.*[1]

CORPORATIONS—STOCK—RE-ISSUE—SALE BY CORPORATION—BENEFITS RECEIVED—ULTRA VIRES. Where a promoter subscribed for stock in a corporation, which was issued to him as fully paid up, upon a nominal consideration, and he donated it to the corporation, whose trustees authorized its sale, the corporation may sell and re-issue it as fully paid up to an innocent purchaser at 10 per cent of its par value, and after receiving the benefits of the sale, the defense of *ultra vires* is not available.

SAME—FRAUD—SALE OF STOCK—FALSE REPRESENTATIONS—LACHES OF PURCHASER—MEANS OF INVESTIGATION NOT OPEN. One who is induced to purchase stock in a corporation through the false representations of its treasurer as to its assets, debts, and business, is not, as a matter of law, chargeable with notice of the fraud, nor guilty of laches in failing to discover it during three months service with the corporation, where the means of information were not open to him, but were fraudulently operated by the corporation, and its chief business was to make fraudulent sales of its own stock.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR. In a case tried *de novo* on appeal, incompetent evidence will be disregarded and its admission is not ground for reversal.

[1]Reported in 81 Pac. 855.

Appeal from a judgment of the superior court for King county, Honorable W. H. White, Judge *pro tempore,* entered August 8, 1904, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action for deceit.    Affirmed.

*H. E. Foster,* for appellant.

*Willett & Willett,* for respondent.

RUDKIN, J.—On the 16th day of November, 1903, the plaintiff in this action purchased from the defendant, through one Casedy, its treasurer and general manager, five thousand shares of the capital stock of the defendant, and paid therefor the sum of $500.   On the same day the plaintiff also entered into a contract with the defendant, through the same officer, by the terms of which the plaintiff entered the employ of the defendant and was to receive for his services the sum of $50 per month in cash, and four hundred shares of the capital stock of the company, at an agreed valuation of ten cents per share.   The plaintiff continued in the employ of the defendant under this contract until the 24th day of February, 1904, and received in all twelve hundred shares of the capital stock of the company, in part payment for his three months' services.

The plaintiff alleges in his complaint, which consists of two causes of action, that he was induced to purchase the stock and enter into the contract of employment by the false and fraudulent representations of the defendant, through its said treasurer and general manager.   The substance of these representations was as follows:   That the defendant had sold fourteen thousand dollars worth of its capital stock, and with the proceeds had acquired property of the aggregate value of $13,050; that the defendant was not indebted to exceed the sum of $180; that the business of the defendant for the six months preceding the 16th day of November, 1903, had been on a paying basis; that the defendant had $400 in cash

in its treasury, and that the defendant was on a dividend paying basis, had an established trade, etc. The complaint further averred that all these representations were false, and known to the defendant to be false; that the plaintiff believed them to be true, and relied upon them, and that he investigated the affairs and condition of the defendant company so far as lay within his power before he purchased the stock or entered its employ. The complaint further averred that the stock was of no value whatever, and prayed judgment against the defendant for the sum of $620, with interest.

The answer admitted the corporate existence of the defendant, the purchase of the five thousand shares of the capital stock by the plaintiff, and the contract of employment under which twelve hundred shares of the stock were received, but denied each and every other allegation of the complaint. The action was tried before the court without a jury. The court found the facts substantially as alleged in the complaint; found that all the representations were made as alleged, that the value of the defendant's property did not exceed the sum of $2,400, that the corporation was in debt to exceed $1,500, that the defendant had no established trade or business, and was not, and had never been, upon a paying basis, that the business of the defendant was carried on at a loss and for the sole purpose of deceiving intending investors in its stock, and that the stock was utterly valueless. The court further found that all representations made were false, and were known by the defendant to be false; that they were made for the purpose of deceiving the plaintiff and inducing him to purchase the stock and enter the employ of the defendant; that the facts were particularly within the knowledge of the defendant's manager and not open to the plaintiff; that such means of information as were open to the plaintiff were fraudulently operated by the defendant; that the plaintiff did not learn of the true state of affairs touching such representations until a day or two before the bringing of the

action. The court rendered judgment as prayed in the complaint, and the defendant appeals.

Since the commencement of this action in the court below a receiver has been appointed for the appellant corporation. The receiver has applied for leave to intervene in this court, in order that he may move to dismiss the appeal. In view of the conclusion we have reached on the merits of the case, we will not pass on this application, and the same is denied *pro forma*.

The first assignment of error is that the complaint does not state sufficient facts, because (1) the appellant could not lawfully traffic in its own stock; (2) the respondent purchased the stock at ten per cent of its face value, and was in the employ of the appellant for three months, and was therefore chargeable with notice of the financial affairs and business of the appellant; and (3) the respondent did not act with due diligence. At the organization of the corporation the entire capital stock was subscribed by, and issued to, the promoters as fully paid up, though the consideration for such subscription was little more than nominal. Five hundred and seventy thousand shares were thus issued to the treasurer Casedy, five hundred and fifty thousand of which were by him donated to the corporation. The trustees authorized a sale of this stock, and a part thereof came into the hands of the respondent under the circumstances already stated. Assuming, without deciding, that a corporation cannot traffic in its own stock in this state, we do not think the rule was violated in this case. Whatever the rights of creditors might be as between the corporation and the subscribers, this stock was fully paid up and the corporation will not be heard to gainsay it. The corporation lawfully became the owner of this stock and had a right to sell or re-issue it. Furthermore, after receiving the benefits of the sale of the stock, the defense of *ultra vires* is not available. *Tootle v. First Nat. Bank,* 6 Wash. 181, 33 Pac. 345; *Allen v. Olympia Light & Power Co.,* 13 Wash. 307, 43 Pac. 55;

*Pronger v. Old Nat. Bank,* 20 Wash. 618, 56 Pac. 391; *Graton & Knight Mfg. Co. v. Redelsheimer,* 28 Wash. 370, 68 Pac. 879.

The respondent was not, as a matter of law, chargeable with notice of the fraudulent acts and conduct of the appellant and its authorized agent, and was not guilty of laches in failing to discover the fraud or prosecute his action sooner, under the facts and circumstances found by the court.

It is next assigned as error that the court admitted incompetent testimony. The case was tried without a jury, and is triable *de novo* in this court. After rejecting the incompetent testimony, if any, sufficient remains to sustain the findings of the court.

The failure to grant a nonsuit or to render a judgment for the appellant has already been answered by what we have said as to the sufficiency of the complaint. The record before us affords abundant evidence that the chief business of the appellant was to make fraudulent sales of its own stock by means little less than criminal. Its other business was a mere ruse and pretense to enable it the more easily to cheat and defraud. It would be a grave reproach to the law should this court declare that there is no redress for such wrongs.

There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and CROW, JJ., concur.

ROOT, J., having been of counsel for interested parties, took no part.