[No. 5828. Decided November 14, 1905.]

REGINALD K. McINTOSH, *Appellant,* v. R. MERCHANT *et al., Respondents.*[1]

FACTORS—PRINCIPAL AND AGENTS—GOODS SHIPPED TO AGENT FOR SALE—SUBSTITUTION BY ACT OF AGENT—NOTICE—RATIFICATION BY FAILURE TO OBJECT. The act of a factor to whom merchandise was consigned for sale, in turning the goods over to and substituting a corporation which succeeded to his business, is ratified by the owner of the goods, where notice thereof was given shortly after the incorporation and nothing was done and no objection made for more than six months thereafter.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 22, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to recover for goods consigned to a factor to be sold. Affirmed.

*Blaine, Tucker & Hyland,* for appellant.

*Fred H. Peterson* and *H. C. Force,* for respondents.

HADLEY, J.—This was an action brought to recover the value of a quantity of beans. The cause was tried by the court without a jury, and findings of facts and conclusions of law were made and entered. No error is assigned upon the findings of facts, and the following, which were culled from the findings, may be taken as established facts in the case: On about May 12, 1901, the plaintiff shipped to the

[1]Reported in 82 Pac. 753.

defendant R. Merchant one hundred and eighty-five sacks of beans, each of the sacks weighing about one hundred and sixty-two pounds, to be sold by said defendant for and on account of plaintiff, at not less than $4.10 per hundred weight, said defendant acting as factor for and on behalf of plaintiff, and not otherwise. The said defendant was unable to sell the beans at the aforesaid price, and thereafter, on or about July 10, 1901, he delivered them to R. Merchant & Co., Inc., a corporation having its principal place of business at Seattle. Defendant Merchant was a stockholder in the corporation, and the purpose of the delivery to the corporation was that it might sell the beans for and on behalf of plaintiff.

On April 12, 1902, the defendant Merchant wrote to Durand Bros. & Co., agents of the plaintiff, at Vancouver, B. C., the following letter:

"I write to inform you that I am no longer connected with the firm of R. Merchant & Co., Inc., and you will have to look to the firm for your accounting on the beans which was turned over to them July 1st, 1901, when they incorporated. The members of the firm who have bought my stock and all interest in the company and say they will form a new company are H. S. Shook, Thos. A. McKay and John Day at present, but I am told they will take in other stockholders, and there is but a few sacks of beans sold, and I think some of the parties are much dissatisfied with your price and I advise you to look after the matter. I believe they can be sold at $2.85 or $3 but not more. Write me at above location at present."

The said letter was received by Durand Bros. & Co. in due course of mail, and for more than six months thereafter they made no reply thereto, by mail or otherwise. In the month of October, 1902, a member of said firm came to Seattle, and conversed with Merchant about the beans, but no other or different action was taken by them or the plaintiff. From the foregoing facts, the court entered its conclusion of law to the effect that the plaintiff, in not making any objection to the disposition of the merchandise, as made by defendant

Merchant, for more than six months after the receipt of said letter by plaintiff's agents, thereby ratified Merchant's acts, and that he was, by reason thereof, relieved from liability. Judgment was rendered for the defendants, and the plaintiff has appealed.

It is assigned that the court erred in its conclusion of law, and in rendering judgment for the defendants. Appellant contends that the respondent Merchant was the only authorized agent of appellant; that, when he received the beans as such agent and afterwards delivered them to R. Merchant & Co., Inc., of which delivery appellant was not notified until some months afterwards, said respondent thereby substituted another agent without authority. On the other hand, respondents' argument is, that appellant was notified of the substitution, that he did not, within a reasonable time thereafter, make any objection, and that he should now be held to have ratified the substitution. In this view we concur. If appellant had promptly, and within reasonable time after receiving notice of the substitution, objected thereto and expressly refused to ratify it, said respondent might then have taken immediate steps to protect himself, either by securing a redelivery to him of the beans, or otherwise. As it was, however, by appellant's silence for months, respondent Merchant was lulled into the belief that the substitution was satisfactory. This court recently said, in *Allen v. McAllister,* 39 Wash. 440, 81 Pac. 927:

"If the letters of the respondent can be held to amount to an instruction to sell the wool, and if the failure of the appellant to sell it as instructed can be held to be a departure from these instructions, such departure must be held to be ratified, because the principal expressed no disapproval within a reasonable time."

The general rule relating to ratification by silence of the principal, when the agent has departed from instructions, is not confined merely to a sale below the price fixed by the principal, but it also includes other violations of instructions.

12 Am. & Eng. Ency. Law (2d ed.), 653, and cases cited. In *Field v. Farrington,* 10 Wall. 141, 19 L. Ed. 923, the court said:

"The effect of his refusal to reply to their letter within a reasonable time after he received it, was undoubtedly to raise a presumption that he approved of what his factors had done, so far as their letter informed him. In the absence of anything to rebut that presumption, he must be regarded as having consented to whatever delay had occurred in effecting a sale, even though it was contrary to his directions. He could not, therefore, hold his factors responsible for the consequences of acts which he had ratified."

See, also, *Dunbar v. Miller,* Fed. Cas. No. 4,130; *Austin v. Ricker,* 61 N. H. 97.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.