Argued 27 February, decided 26 March, 1907.

## WRIGHT *r.* CONSERVATIVE INVEST. CO.

89 Pac. 387.

TRUSTS—SUIT BY TRUSTEE—COLLATERAL ISSUES BETWEEN BENEFICIARIES.

1. In a suit by a trustee to foreclose a mortgage made to her in her trust capacity, collateral issues between the beneficiaries as to matters between themselves, and not going to the merits of the suit, should not be permitted, and if such issues do appear in the pleadings, they should be ignored in the findings.

TRIAL—RIGHTS OF ABSENT PARTIES.

2. Questions affecting the rights of persons not parties to a suit should not be tried until such persons have been brought in.

MORTGAGES—FORECLOSURE—REQUIRING STATEMENT OF CLAIM OF INTEREST BY DEFENDANTS.

3. An allegation in a complaint for the foreclosure of a mortgage that defendants each have or claim some interest or right in or to the mortgaged premises, but that plaintiff's mortgage lien is prior in date and superior in equity thereto, is sufficient to require a disclosure of their claim by the defendants on penalty of being forever barred.

MORTGAGE FORECLOSURE—RIGHT OF DEFENDANT CLAIMING INFERIOR LIEN TO BE DISMISSED.

4. A defendant who has admitted in a foreclosure suit that she claims an interest in the mortgaged property is not entitled to be dismissed; but, on the contrary, plaintiff is entitled to an adjudication on the rank of such claim.

MORTGAGE FORECLOSURE—ALLOWING ATTORNEY'S FEES.

5. The amount to be allowed as an attorney's fee on a note is a question of fact, and either the judge or jury, as the case may be, is bound by the testimony and cannot arbitrarily disregard undisputed evidence.

Plaintiff, in an action to foreclose a mortgage, having supported the allegation of the complaint, that $50 was a reasonable attorney's fee for the foreclosure, by testimony of an attorney of experience, and there being no evidence to the contrary, the court may not disregard such testimony and allow a smaller sum, the determination of the issue not being in the discretion of the court.

49 OR,—— 12

MORTGAGE FORECLOSURE—INTEREST ON TAXES PAID.
6. A mortgagee, in a suit to foreclose a mortgage, is entitled to interest on taxes paid by her on the mortgaged land during the life of the lien before foreclosure.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. COMMISSIONER SLATER.

Plaintiff sues as trustee of C. Meng to foreclose a mortgage on certain real property in Douglas County given by defendants, the Conservative Gold Mining Investment Co. and the Jordan Creek Mining & Water Power Co., to appellant, designated therein as "trustee," to secure their promissory note to the same effect, dated May 20, 1903, which provides for the payment of a reasonable attorney's fee for the collection thereof. A. Rowley and Isabella Rowley are also parties defendant. In addition to the usual allegations, plaintiff alleges, in effect, that she is the trustee of C. Meng, and as such the note and mortgage belong to her; that each of the defendants claims some interest in the mortgaged premises inferior and subsequent to her mortgage; that on September 2, 1904, she paid $2.95, taxes on the premises for the year 1903, and on July 29, 1905, $3.21, taxes for the year 1904, which had not been repaid to her; and that $50 is a reasonable attorney's fee for the foreclosure of the mortgage. The prayer of the complaint is for a recovery of the amount of the note, the said taxes paid, with interest thereon from date of payment, and the said attorney's fees; and for a foreclosure of the mortgage against all the defendants.

The defendant corporations answered jointly, denying all the material allegations of the complaint, except the making of the note and mortgage and its non-payment, and affirmatively alleged that plaintiff was trustee for C. Meng and Isabella Rowley, jointly, setting forth the facts creating the trust relationship and the respective interests of C. Meng and Isabella Rowley therein. The remaining defendants answered separately to the same effect, excepting they did not deny the payment of the taxes by plaintiff. The reply denied the allegations of new matter in the answer, and alleged that C. Meng purchased at execution sale the alleged interest of Isabella Rowley in said

note.  Findings were made to the effect that, in addition to the admissions in the pleadings, the sum of $30 was a reasonable attorney's fee for the foreclosure of the mortgage; that C. Meng was not the owner of Isabella Rowley's interest in said note and mortgage; that plaintiff was entitled to a foreclosure of the mortgage against all the defendants; but that Isabella Rowley was entitled to a dismissal of the suit as to her, and also to costs and disbursements.  A decree in accordance therewith was entered, from which plaintiff appeals.                     MODIFIED.

For appellant there was a brief with an oral argument by *Mr. Robert Catlin Wright.*

For respondent there was a brief over the names of *William Mosby La Force* and *Albert Abraham.*

Opinion by MR. COMMISSIONER SLATER.

1. This is a suit by a trustee of an express trust to foreclose a mortgage made in her name for the benefit of others, and by the provisions of Section 29, B. & C. Comp., she can maintain the suit without joining the persons for whose benefit the suit is prosecuted: *Holladay* v. *Davis,* 5 Or. 40; *Considerant* v. *Brisbane,* 22 N. Y. 389.  The object of the suit is to reduce to the possession of the trustee the subject-matter of the trust so as to enable her to make thereafter an accounting with the beneficiary or beneficiaries of the trust, and it in no way affects the trustee's relation with her *cestuis que trustent.* and for that reason it is not necessary that the latter be made parties: 22 Enc. Pl. & Pr. 163. . The collateral issues, therefore, attempted to be made by the pleadings as to who were the beneficiaries of the trust, and the present interest of either therein, are entirely foreign to the object of the suit, and should have been disregarded by the court as immaterial.

2. Nor, in any event, could such issues have been legally determined as against C. Meng, an alleged beneficiary, without having made him a party, which was not done.

3. The decree was in plaintiff's favor for the recovery of the amount of the note, the taxes, without interest, and $30, attor-

ney's fee, and for the foreclosure of the mortgage against all the defendants except Isabella Rowley, but as to her the suit was dismissed with judgment in her favor for costs. The principal objection made by plaintiff to the decree is that the suit was dismissed as to Isabella Rowley. She was made a party defendant, evidently, not because of any claim by her of an interest in the note and mortgage, the subject of the suit, and which claim of interest was attempted to be litigated by the parties and determined by the court, but because she had or claimed to have some interest in or lien upon the mortgaged property. In order that the foreclosure might be complete and a perfect title transferred by the sale, it is necessary that the holder of every such right or interest should be brought before the court: 2 Jones, Mortgages (4 ed.), § 1394; Pomeroy, Code Rem. (4 ed.), § 239, *342. The allegation of the complaint is:

"The defendants, each or all of them, have or claim some interest, equity, right, estate or claim in or to the land described in said mortgage, but plaintiff's said mortgage lien thereon is prior and superior to any lien, claim, estate, right or equity of the defendants in or to the said lands or of either of defendants therein."

This is a sufficient allegation on the part of the plaintiff to require each defendant to appear and disclose whatever interest or claim he may have or be forever barred from thereafter asserting it: *Horton* v. *Long*, 2 Wash. 435 (27 Pac. 271: 26 Am. St. Rep. 867).

4. The defendant Isabella Rowley by her answer failed to deny this allegation of the complaint, and thereby she admitted the truth of the facts therein set forth: B. &. C. Comp. § 95. Having admitted that she has or claims to have some interest in or lien upon the mortgaged premises and that such interest or claim is subsequent and inferior to plaintiff's mortgage, she was not entitled to a dismissal of the complaint, nor to recover her costs and disbursements, but the plaintiff is entitled to a foreclosure against her as well as against the other defendants.

5. Objection is also made to the allowance of only $30 for attorney's fees, and plaintiff claims that she is entitled to the

full sum alleged and claimed in the complaint, to wit, $50. The answer of the defendant corporations by a form of general denial has put that allegation of the complaint in issue. This is an issue of fact that must be resolved and determined by the evidence in the same manner as any other question of fact. When there is an issue in the pleadings as to what is a reasonable attorney's fee, some evidence must be introduced on the subject to sustain an allowance of any sum beyond the amount fixed by statute (*Bradtfeldt* v. *Cooke,* 27 Or. 194: 44 Pac. 1: 50 Am. St. Rep. 701), and such testimony must be presented to the jury, and it is their right to determine that as they do other disputed questions of fact, so that the court cannot include in a judgment an allowance for attorney's fees when the jury did not fix the amount in their verdict: *Fiore* v. *Ladd,* 29 Or. 528 (46 Pac. 144). To the same effect is *First National Bank* v. *Mack,* 35 Or. 122 (57 Pac. 326). To sustain the issue on plaintiff's part, R. C. Wright testified as follows:

"I am an attorney of the Supreme Court of the State of Oregon, and have practiced since 1890 in the state, and $50 is a reasonable attorney's fee to be allowed the plaintiff for the expense and trouble of this suit, and especially so as it has been necessary to send an attorney from Portland."

No other testimony was offered by either party on this question, and, in our opinion, it is sufficient to make a *prima facie* case for the plaintiff. But the lower court disregarded the effect of this testimony, and, presumably based upon its own knowledge as to what is a reasonable fee, allowed only $30. The determination of the issue, however, is not within the discretion of the court, but whatever finding is made thereon must be the legal effect of the evidence. In this instance the only evidence being that on the part of the plaintiff tending to establish the amount alleged as the reasonable value of the attorney's fee, the court was legally bound to find that amount, and could not in its own discretion find a smaller amount.

6. Plaintiff also claims interest at the legal rate upon the taxes paid by her, and as to her right to such interest we have no question.

The decree, therefore, should be modified accordingly.

                                                MODIFIED.