[No. 13540. Department One. February 17, 1917.]

WM. H. BAKER, SYRACUSE, INCORPORATED, *Appellant*, v.
SEATTLE & PUGET SOUND PACKING COMPANY,
*Respondent*.[1]

PRINCIPAL AND AGENT—CONTRACTS BY AGENT—RATIFICATION. A delay from January to October, in objecting to an unauthorized contract made by an agent, after the principal had been notified of the same, amounts to a ratification of the contract.

SALES—CONTRACT—TERMS OF AGREEMENT—COMPROMISE AND SETTLEMENT. Where, upon a dispute as to the terms of an agreement for the sale of goods made by an agent, the vendee stated its understanding of the contract and the vendor acquiesced therein, whereby the vendor agreed to accept the return of unsalable goods, the same. was not an offer of compromise on either side; and the vendor would be liable for reasonable storage charges accruing on the goods after the time for their return.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 26, 1915, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*McClure & McClure*, for appellant.

*Edward H. Chavelle*, for respondent.

MOUNT, J.—This action was brought by the appellant to recover from the respondent $381.88, alleged to be due upon an account for certain chocolate and cocoa sold and delivered by the appellant to the respondent between August 30, 1910,

[1]Reported in 163 Pac. 17.

and November 17 of the same year. For answer, the respondent denied the indebtedness, and affirmatively alleged a special contract to the effect that the respondent agreed to purchase cocoa and chocolate from the appellant upon condition that the appellant would maintain an agent in this state for the purpose of assisting the respondent in the sale of the goods; that the appellant, after a certain time, withdrew the agent, to respondent's damage. Another separate defense was affirmatively alleged to the effect that, before the commencement of the action, the appellant entered into an agreement to accept from the respondent all goods which were unsalable; that the respondent at that time had in its possession 1,200 pounds of unsalable goods, of the value of $360, except $43.20, which had been delivered therefrom upon the order of the appellant. The respondent prayed for a judgment against the appellant in the sum of $313.08. For reply, the appellant denied all the affirmative defenses. Upon these issues the case was tried to the court without a jury, and the court found, in substance, that the appellant was indebted to the respondent for free goods, which it had agreed to deliver to the respondent, in the sum of $194.90. That the respondent was entitled to storage charges against these goods amounting to $71.25, and for insurance, $51.30, making a total of $317.45. The court further found that the respondent had goods on hand belonging to the appellant of the value of $316.80. The court ordered that these goods be returned to the appellant. From that judgment, the plaintiff in the case has appealed.

The appellant argues that the goods were purchased outright by the respondent from the appellant, and that the balance claimed in the complaint is due thereon. It was claimed by the respondent, at the trial of the case, that a special contract was entered into by an agent of the appellant to the effect that, if the respondent would handle the goods of the appellant in this territory, the agent would look after the trade and allow the respondent free goods to

the amount of ten per cent of the sales.    The appellant claimed in the court below, and argues here, that it had no agent who was authorized to make such a contract; that the person who made the contract with the respondent was a commission broker, who had no authority except to sell goods upon a commission.    Whatever may be the fact in this regard, it is plain from the evidence that, after a large amount of goods had been shipped by the appellant to the respondent, a controversy arose between them in regard to payment for the goods, and the respondent wrote a letter to the appellant, dated January 10, 1911, in which letter the respondent's version of the contract was stated, and in which the respondent said:

"We have taken the liberty, therefore, of billing you with 1200 pounds of 1/5's Cocoa."

Thereafter, on October 3, 1911, in answer to this letter of the respondent, the appellant stated as follows:

"As we understand it you are holding—1200 lbs. of Cocoa 1/5s subject to our order, deducted by you in your remittance to us under date of Jan. 10th, 1911. . . . We want to dispose of these goods if you still have them—we can do some retail work through you or make other disposition of them."

Thereafter, in January, 1912, a part of these goods was shipped by the respondent, upon order of the appellant, to Portland, Oregon.    Afterwards, the parties negotiated with reference to a settlement of the account, but no settlement was reached.    Thereafter, this action was brought to recover the balance due, without reference to this 1,200 pounds of cocoa.    The trial court was of the opinion that the delay in answering the letter of the respondent of January 10, 1911, in which the contract, as claimed to have been made between the respondent and the agent or broker for the appellant, was fully stated, and the failure to make objection thereto for the period from January to October, and then the appellant stated "As we understand it you are holding 1200 lbs.

of Cocoa 1/5s subject to our order . . . We want to dispose of these goods if you still have them," was a ratification of at least that much of the contract. And we think this is necessarily so. Even if the agent had no authority to make the contract which was made with the respondent, after the principal had been informed of the contract and did not promptly reject it, but acquiesced therein, it seems too plain for argument that this would amount to a ratification of it. The trial court, after hearing the evidence, concluded that this was a ratification of the contract to the extent stated, and we are in entire accord with that conclusion, upon the record presented here. *Ankeny v. Young Bros.*, 52 Wash. 235, 100 Pac. 736; *McLeod v. Morrison & Eshelman*, 66 Wash. 683, 120 Pac. 528, 38 L. R. A. (N. S.) 783; *McIntosh v. Merchant*, 40 Wash. 477, 82 Pac. 753.

The appellant argues in its brief that the agreed acceptance of this 1,200 pounds of cocoa was by way of compromise; that, after the appellant had agreed to accept the return of this cocoa, other charges for insurance and storage were held against it, and that the appellant, for that reason, was justified in refusing to accept the offer. It is apparent that this was not an offer of compromise upon either side. The respondent claimed from the beginning that it was entitled to certain free cocoa, amounting to ten per cent of the sales, and when its understanding of the contract was related to the appellant, the appellant acquiesced in that part of the agreement. The charges for storage and insurance were charges which accrued after that time. The trial court was of the opinion that these charges were reasonable and proper, in order to protect the property of the appellant in possession of the respondent. We are also of the same opinion.

Upon the whole record, we are satisfied that the judgment was right, and it is therefore affirmed.

ELLIS, C. J., MORRIS, and MAIN, JJ., concur.