[No. 19251.  Department Two.  October 19, 1925.]

THEODORE JOHNSON, *Respondent*, v. WILBUR-ELLIS
COMPANY, *Appellant*, ALASKA BY-PRODUCTS
COMPANY, *Defendant*.[1]

PRINCIPAL AND AGENT (63, 65)—UNAUTHORIZED ACTS OF AGENT—
INDORSEMENT OF NOTE—RATIFICATION—EVIDENCE—SUFFICIENCY.  Find-
ings that a corporation ratified the unauthorized act of its agent in
indorsing a note for $5,000, to finance certain operations, are sus-
tained where it appears that the corporation had knowledge of the
indorsement, and of the contracts to finance the other concern, whose
product for the year was to be sold to the corporation, to its benefit
and advantage in case the operations were successful; notwithstand-
ing it did not directly receive the money, which was expended by
its agent in the operations under the contracts, as it must have
known.

Appeal from a judgment of the superior court for
King county, Charles E. Claypool, judge *pro tempore,*
entered March 4, 1925, upon findings in favor of the
plaintiff, in an action on a promissory note.  Affirmed.

*Tanner & Garvin,* for appellant.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,*
for respondent.

MAIN, J.—This action was brought to recover from
the Alaska By-Products Company as maker, and the
Wilbur-Ellis Company as endorser, the balance due on
a promissory note.  The Alaska By-Products Company
defaulted.  The trial was to the court without a jury,
and resulted in findings of fact and conclusions of law
sustaining the right to recover against the Wilbur-
Ellis Company in the sum of $2,310, and interest and
attorneys' fees.  From the judgment entered, the Wil-
bur-Ellis Company appeals.

[1]Reported in 239 Pac. 1018.

The appellant is a corporation organized under the laws of California, with its principal place of business at San Francisco. It maintains an office in Los Angeles, and at the time of the transaction in question maintained an office in Seattle. The principal business of the company was the selling of fish oils and fish meal. One Clyde B. Rose was the manager of the Seattle office. The Alaska By-Products Company was engaged in the business of manufacturing herring meal and herring oil at Prince William Sound, Alaska. The appellant had a contract for the sale of its products which covered a period of ten years. During the year 1923, the appellant advanced the Alaska By-Products Company the sum of $5,000. When the question arose as to financing that company for the year 1924, there was a balance due on the prior indebtedness of $1,770. The appellant refused to make further advancements, and Rose, the Seattle manager, undertook to finance the undertaking for that year. The Alaska By-Products Company was, also, at the time indebted to the Stanley Hiller Company, a corporation, in the sum of approximately $3,500. Rose, in his efforts to finance the Alaska By-Products Company for the year 1924, sought to borrow from the respondent the sum of $5,000, and after negotiations which will be here mentioned, the sum was loaned upon a promissory note which is the basis of this action.

On the 9th day of February, 1924, the Stanley Hiller Company, a corporation, the Wilbur-Ellis Company and the Alaska By-Products Company entered into a contract, and Clyde B. Rose was made the trustee for the purpose of carrying it out. In this contract the indebtedness to each of the parties mentioned is recited, and then the property of the Alaska By-Products Company is assigned, transferred and mortgaged to the

trustee as security for the indebtedness. The agreement recited that the Wilbur-Ellis Company had agreed to purchase from the Alaska By-Products Company all the fish oil produced at its plant during the season of 1924, and further recited that it was the agent to sell all fish meal produced by the plant according to a separate agreement which had been entered into, which was the ten year agreement above referred to. It was further recited that the trustee had authority to expend the receipts from the plant in the payment of an obligation of $5,000 "which is an advancement made or to be made by Theodore Johnson (respondent)." This agreement is signed by the Stanley-Hiller Company, a corporation, the appellant Wilbur-Ellis Company, the Alaska By-Products Company, a corporation, and by Clyde B. Rose, the trustee. The respondent refused to loan the $5,000 unless the note was endorsed by the Wilbur-Ellis Company. This was accordingly done by Rose. The note was signed by the Alaska By-Product Company as maker. The respondent then accepted the note, gave Rose the $5,000 which he deposited in a bank to his credit as trustee. Thereafter the Alaska By-Products Company entered upon the operations for the year 1924. The money loaned by Johnson and deposited in the bank in the name of Rose as trustee was expended in the operations.

The company did not produce that year the amount of meal and oil which it had anticipated, and the result was its inability to pay its obligations. When the note became due, the appellant repudiated its endorsement and denied any knowledge thereof prior to about the middle of November, 1924. Rose testified that, shortly or within a few days after the note was endorsed and delivered to Johnson (it bears date of March 1, 1924),

he informed Brayton Wilbur, the president of the Wilbur-Ellis Company and manager of the San Francisco office, of the endorsement. This Wilbur denies. The trial court found that the appellant was informed of the endorsement at the time Rose claims that the information was given. As a part of the transaction, there was another agreement by which the respondent was to receive one cent a gallon upon all the oil sold by the appellant and manufactured by the Alaska Company. The appellant does not deny knowledge of this agreement or of the agreement by which Rose was made trustee. The fact appears to be that it approved of both of these agreements. It, however, insists that it did not authorize or know of the endorsement upon the note until after it became due, which was November 1, 1924.

If the judgment of the trial court can be sustained, it is only upon the theory that the appellant voluntarily accepted the benefit of the $5,000 loaned by the respondent with knowledge that its agent Rose had endorsed its name upon the note without authority to do so. It will be unnecessary to discuss the other points made in the appellant's brief and it may be assumed that they are well taken. The question then is whether the appellant knowingly received the benefit of the $5,000. If it did, its liability is established. If it received no benefit therefrom, the judgment cannot be sustained.

Looking first to the facts, the trial court found that, shortly after the note was given, the appellant was informed thereof. The evidence upon this question, as stated, is in dispute. It may be that, if we had heard the testimony of the witnesses, we might have reached a different conclusion; but from the record we cannot say that the trial court's findings are not supported by the preponderance of the evidence. With this knowl-

edge, then, the appellant knew that the $5,000 was being spent in the operations of the Alaska By-Products Company. The appellant had a contract with this company for the purchase of all fish oil produced by it during the season of 1924, and also was agent for the sale of all fish meal under a contract covering a period of ten years. The appellant was interested in the success of the Alaska By-Products Company for the year 1924, not only on account of these contracts, but on account of the indebtedness which that company was owing to it for money which it advanced during the prior year. The operation of the Alaska By-Products Company was in the interest of the appellant, and if that company had produced during the year 1924 the amount of meal and oil which was anticipated all the debts of the company would have been liquidated. It is true that no part of the $5,000 went directly from the respondent to the appellant, but it went into an enterprise which was being operated for that year directly in the interest of the appellant. It is a well-settled rule that one who voluntarily accepts the benefits of an act done by one assuming, even though without authority, to be his agent thereby ratifies the act and makes it his own with the burdens as well as with the benefits. *McLeod v. Morrison & Eshelman*, 66 Wash. 683, 120 Pac. 528, 38 L. R. A. (N. S.) 783; *Lindeman Lumber Co. v. Remolite Paint Co.*, 90 Wash. 26, 155 Pac. 409; *Baker v. Seattle & Puget Sound Packing Co.*, 95 Wash. 45, 163 Pac. 17. In *Peterson v. Hicks*, 43 Wash. 412, 86 Pac. 634, it is said:

"It appears, however, that Mrs. Hicks ratified his acts by availing herself of the profit involved in his contract. She is retaining the title which he fraudulently obtained. She cannot ratify his acts in part and renounce in part. If she ratifies the contract and enjoys the benefits, she must also assume its burdens.

She is in no position to profit by his bargain, and still refuse specific performance.''

In *Allen v. Olympia L. & P. Co.,* 13 Wash. 307, 43 Pac. 55, the doctrine is applied to a corporation and this language is used:

''The second contention, viz., the want of authority in the officers to make the note in suit, will not serve the defendant when it appears, as it does from the pleadings in this case, that it had the benefit of the money which it received by reason of the execution of the note. This court has often decided that corporations cannot escape their honest obligations by pleading want of authority to execute a contract where, as a result of the contract, the corporation had received the benefit of the money obtained.''

The appellant suggests that the rule is limited to cases where the principal, upon the unauthorized endorsement of an agent, had received a direct benefit. In other words, as applied to the present case it is said that, since no part of the $5,000 loaned by the respondent went directly to the appellant, the rule does not apply. The rule, however, is not so restricted and to so hold would give effect to form rather than substance.

Under the facts in this case, we think the appellant voluntarily accepted the benefit of the unauthorized act of its agent in endorsing the note and therefore is liable.

The judgment will be affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.