Submitted on briefs without argument.    Decided October 10, 1911.

## MAEL v. STUTSMAN.

[117 Pac. 1093.]

PLEADING—DEMURRER—JUDGMENT.

1. In an action in which plaintiff claimed a reasonable attorney's fee, the answer admitted execution and nonpayment, but denied that any sum was due on the note, or that the sum alleged or any sum, was a reasonable attorney's fee, and further alleged as an affirmative defense that the note was procured by false representations in selling land for the price for which the note was given. *Held,* that it was error, upon sustaining a demurrer to the affirmative defense, to render judgment for plaintiff without a trial upon the issue as to the reasonableness of the attorney's fee demanded.

PLEADING—COUNTERCLAIM—SUFFICIENCY.

2. In an action on a note, a special defense that the note was given for land purchased from plaintiff, who falsely represented that he owned the fee and would execute a general warranty deed, and that defendant, relying upon such representation, executed the note, whereby he sustained damage in a certain sum, was defective for not pleading such defense as a counterclaim or set-off, and demanding judgment for some amount, in addition to costs in the present action.

VENDOR AND PURCHASER—ACTION FOR PRICE—MISREPRESENTATIONS—
    SUFFICIENCY OF ALLEGATIONS.

3. An affirmative defense in an action on a note alleging that it was given for land purchased under false representations, that plaintiff was the fee-simple owner and would execute a general warranty deed when he only executed a deed with covenant for peaceable possession, was defective for not showing that defendant could not read, or showing any reason for assuming that the special warranty deed delivered contained a covenant of general warranty.

VENDOR AND PURCHASER—CONTRACT—RESCISSION—FRAUD.

4. A defense pleaded to a note given for land, on the ground of fraud in inducing the purchase, should aver that the contract of purchase was rescinded or show an excuse for failure to rescind.

VENDOR AND PURCHASER—FRAUD—ACTION FOR PRICE.

5. If a contract for the purchase of land by defendant for the price of which a note was given was induced by fraud, defendant could rescind the contract without the aid of equity, and show the fraud as a basis for claiming damages in an action against him on the note.

From Coos: JOHN S. COKE, Judge.

Statement by MR. JUSTICE MOORE.

This is an action C. D. Mael against E. F. Stutsman, A. H. Stutsman and H. C. Medley to recover money. The complaint alleged that about July 2, 1909, the defendants executed to plaintiff a promissory note for $607.50, payable in 90 days, with interest after date until paid at the rate of 10 per cent per year; that the note provided that, if an action should be instituted thereon, the defendants would pay such additional sum as the court might adjudge reasonable as attorney's fees; that no part of the note has been paid; and that $100 is a reasonable sum as attorney's fees. The answer admitted the execution of the note, and that no part of it had been paid, but denied that any sum was due or owing thereon, or that $100 or any other sum was reasonable as attorney's fees. For a further defense it is alleged that the note was given to evidence a part of the purchase price of certain land respecting which the plaintiff falsely represented to the defendants that he was the owner in fee and would execute a general warranty deed therefor; that his title to the premises was defective, setting forth the particulars thereof; that defendants, believing such representations to be true, and relying thereon, executed the note sued on, whereupon plaintiff delivered to them what was supposed and believed to be a deed of general warranty, but was only a conveyance which covenanted for the quiet and peaceable possession of the premises. For a second defense it is averred that by reason of the defects in the title the defendants had sustained damages in the sum of

$1000. A demurrer to these allegations. of new matter having been sustained on the ground that the facts stated did not constitute a defense to the action, and the defendants declining further to plead or answer, judgment was rendered against them for the sums demanded in the complaint, and they appeal.        REVERSED.

Submitted on briefs without arguments under the proviso of Rule 18 of the Supreme Court, 56 Or. 622 (117 Pac. XI).

For appellants there was a brief over the names of *Mr. Harry G. Hoy* and *Mr. Charles I. Reigard.*

For respondent there was a brief over the names of *Mr. A. J. Sherwood* and *Mr. L. A. Liljeqvist.*

MR. JUSTICE MOORE delivered the opinion of the court.

It will be rembered that an issue existed respecting the reasonableness of the attorney's fees demanded. Without receiving any testimony on this controverted question, and in the absence of any stipulation as to what sum would have been reasonable as attorney's fees, judgment was given for $100 as suitable for that purpose.

1. The defendants were entitled to a trial of this issue in failing to grant which an error was committed. *Cox* v. *Alexander,* 30 Or. 438 (46 Pac. 794) ; *First National Bank* v. *Mack,* 35 Or. 122 (57 Pac. 326) ; *Lassas* v. *McCarty,* 47 Or. 474 (84 Pac. 76).

In view of the conclusion thus reached, it is considered essential to call attention to the answer, so that, if an amendment thereof is allowed, the defects therein may be remedied.

2. The allegations of new matter are not pleaded as counterclaim or set-off, and, though it is averred that by reason of the alleged fraudulent representations the defendants sustained damages in the sum of $1000, no

demand therefor or for any sum is made except for the costs and disbursements of the action incurred by the defendants.

3, 4. It is not alleged that the defendants could not read, nor is any reason given for supposing that the special warranty deed which was delivered contained a covenant of general warranty.  Nor is it averred that the contract for the purchase of the land was rescinded nor any excuse given for failing to annul the agreement. Such an averment was essential.  19 Ency. Pl. & Pr. 47; *Steiger* v. *Fronhofer,* 43 Or. 178 (72 Pac. 693).

5. If the contract was induced by fraud, the defendants could have rescinded it without the aid of equity, and might have pleaded the fraud as the basis for damages sustained by reason of the false representations. *Olston* v. *Oregon W. P. & Ry. Co.,* 52 Or. 343 (96 Pac. 1095: 97 Pac. 538: 20 L. R. A. [N. S.] 915).

The answer being faulty in these particulars, the demurrer was properly sustained.

For the error committed, however in awarding any sum as attorney's fees, the judgment is reversed and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.

REVERSED.