Argued July 10, decided July 22, rehearing denied September 9, 1913.

## THOMPSON *v.* SARGENT.

(134 Pac. 7.)

**Appeal and Error—Review—Findings.**

1. Findings of the court in an action at law, when regularly made and filed, must be treated as a verdict and are governed by Article VII, Section 3, of the Constitution, as amended (see Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined in any court unless the court can affirmatively say there is no evidence to support the verdict.

**Brokers—Contracts—Construction.**

2. Where defendant entered into a written agreement to pay plaintiffs a commission of $750, to be allowed them if they entered into a contract with B. to act as sales agent of a named tract of land, also as a commission in helping to make the deal with B., only one commission could be collected, and plaintiffs could not recover the stipulated sum, together with a percentage commission for effecting the sale.

> [As to when a broker has earned his commission, see note in 139 Am. St. Rep. 225.]

**Brokers—Contracts—Construction.**

3. Where defendant entered into a written agreement to pay plaintiffs a commission if they entered into a contract with B. to act

as sales agent of 244 acres of land, the commission to be paid upon the passing of the deed to B., the sale of the entire tract to B. was not a condition precedent to the payment of the commission, but recovery might be had upon the sale of a portion.

Brokers—Actions—Variance.

4. There is no variance which can be taken advantage of after verdict between proof that defendant entered into a contract to pay plaintiffs a commission upon their entering into a contract with B. to act as sales agent of certain land, and that part of the land was sold to B., and allegations that defendant was to pay plaintiffs the usual commission and a further sum in case they should enter into a contract with B. to act as sales agent of described property, which was subsequently sold.

From Multnomah: John P. Kavanaugh, Judge.

Department 1.    Statement by Mr. Justice Burnett.

This is an action by M. E. Thompson and J. W. Hefferlin, doing business under the name and style of M. E. Thompson Company, against James Sargent.

After alleging a partnership between themselves, the plaintiffs declared, in substance, that about April 27, 1910, the defendant employed them to make sale of certain lands for him and agreed to pay them the usual commission therefor; that at said time the defendant further promised in writing to pay them the further sum of $750 for their services in case they should enter into a contract with one George Bayne to act as sales agent for him for the sale of what was known as the "Barry tract"; that thereafter they entered into the contract with Bayne and later made sale of the property, the deed to which passed from the defendant to the purchaser June 30, 1910. As a result of these transactions, they demand judgment for $1,475, being $750 mentioned as the commission to be allowed for making the contract with Bayne and $725 commission on the sale of the property.

The answer traversed all the allegations of the complaint, except that no part of the $750 has been paid,

66 Or.—25

and admitted that the defendant entered into the following contract in writing with the plaintiffs:

"For and in consideration of one dollar ($1.00), the receipt of which is hereby acknowledged, I hereby agree to pay to M. E. Thompson & Company a commission of seven hundred fifty ($750.00) dollars as a commission to be allowed them if they enter into a contract with George Bayne of Salem, Oregon, to act as sales agent of two hundred forty-four (244) acres of land known as the Barry tract, and located in sections twenty-five (25), thirty (30), and thirty-one (31), township two (2) north, range one (1) and two (2) west; also as a commission in helping to make the deal with the said George Bayne. Said commission is to be paid upon the passing of the deed to Mr. Bayne."

The cause was tried before the court without a jury. Findings of fact and conclusions of law were made awarding a judgment against the defendant for $750, with interest at 6 per cent per annum from June 30, 1910, and costs and disbursements. The defendant appeals.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the name of *Cake & Cake,* with an oral argument by *Mr. William M. Cake.*

For respondent there was a brief and an oral argument by *Mr. Allan R. Joy.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The findings of the court in an action at law are tantamount to a verdict and if regularly made and filed cannot be disturbed on appeal, unless the court can affirmatively say there is no evidence to sustain them:

Article VII, Section 3 of the Constitution as amended (see Laws 1911, p. 7).

2. The court decided, and it is practically conceded by the parties, that the agreement between them was in the terms alleged in the answer. The plaintiffs seem to have predicated two causes of action upon this single indivisible contract. They claim not only the commission of $750 named therein but an additional commission for making the sale of some land to some purchaser not named in their complaint. The Circuit Court correctly construed the contract as providing for only one commission and that in the sum of $750. The instrument does not provide for the plaintiffs' making sale of or procuring a purchaser for the land. There is in evidence a contract in writing between the plaintiffs and George Bayne to act as sales agent for the Barry tract mentioned in the agreement. What was to be the deal with Bayne in which the plaintiffs were to assist other than making that contract is not disclosed by the agreement between the parties already quoted.

3. The defendant contends that the commission was not due until a deed was passed to Mr. Bayne, conveying the whole 244 acres mentioned, but this is not so nominated in the agreement. The quantity of land to be included in the deed to be passed to Bayne is not stated in the stipulation of the defendant.

4. The deed in evidence shows that the defendant conveyed to Bayne the greater portion of the Barry tract. The written agreement between the plaintiffs and Bayne to act as his sales agent for the 244 acres in evidence tends to support the findings of the court that the plaintiffs had performed their part of the contract with the defendant. The passing of the deed to Mr. Bayne for a part of the premises on June 30, 1910, constitutes evidence of when the commission was due. In brief, the complaint, construed liberally after ver-

dict, alleges a promise of defendant to pay plaintiffs $750 if they made a contract with Bayne and performance of the condition by plaintiffs. The writings in evidence prove these two averments and the deed to Bayne establishes the time when the stipulated commission was payable. The allegations and the proof correspond.

There is evidence to support the findings made by the court. Hence the judgment is affirmed.

Affirmed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Ramsey concur.