Argued March 21, affirmed April 9, 1918.

## WARREN *v.* DINWOODIE.

(171 Pac. 1175.)

**Appeal and Error—Findings of Court—Setting Aside.**

1. Under direct provisions of Section 159, L. O. L., where a case is tried by the court without a jury, the findings of fact are deemed a verdict, and may be set aside only for the same reasons.

**Appeal and Error—Findings—Setting Aside.**

2. Upon an appeal based upon findings of fact made in a cause tried by the court without a jury, the findings cannot be set aside if there is any competent evidence to support them.

**Appeal and Error—Review—Weight of Evidence.**

3. The court on appeal will not determine the weight of the evidence.

**Appeal and Error—Decision by Court—Presumption.**

4. Where a cause is tried by the court without a jury, it is presumed that the case has been decided upon the material evidence.

**Principal and Agent—Authority of Parties—Evidence.**

5. Statement to plaintiff by one of defendants in the presence of the others that if they bought the place, which in fact they did, whatever P. did was all right to the rest of them, was direct and positive authority for P. to act for the other defendants.

**Appeal and Error—Decree Supported by Evidence—Reversal.**

6. There being evidence in the case supporting findings of fact of trial court which are of the same force as a verdict, the determination cannot be disturbed in view of Article VII, Section 3, of the Constitution, providing that no fact tried by a jury shall be re-examined unless the court can affirmatively say there is no evidence to support the verdict.

From Multnomah: ROBERT G. MORROW, Judge.

The defendants, John Dinwoodie, N. A. Hoffard and David Clark, appeal from a judgment against them and defendant C. A. Parvin for the sum of $677.50 for labor performed and personal property sold and delivered to defendants by plaintiff. C. A. Parvin did not appeal. The cause was tried by the court without the intervention of a jury. Findings of fact and conclusions of law were made and the judgment was based thereon.

It appears that in March, 1914, one Harris was in possession of a ranch in Gilliam County, Oregon, known as the "French Charley Place" under a lease for the year 1914 and extending until March 1, 1915. The plaintiff, his son-in-law, was living on the place. The defendants Parvin, Hoffard and Dinwoodie, with a view of buying the ranch inspected the same in March, 1914. The plaintiff asked about working for them in case they should purchase the premises and one of them, Mr. Hoffard, said in the presence of the other appellants that if they bought the place they would perhaps hire help to run it; that Mr. Parvin would be the man in charge; and that "whatever he done was all right with the rest of them." They also looked at some personal property with a view of buying it. The place was purchased by the appellants and Mrs. Grace Parvin, and the title was taken in the name of Mr. Hoffard for convenience. In June, Mr. Parvin went to the ranch and wanted a lot of harrowing and disking on the summer fallow, which work plaintiff did. In August he hired the plaintiff and his son with a team to work on the place, prepare the land and put in grain for the crop of 1915.    AFFIRMED.

For defendants-appellants there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. Bardi G. Skulason.*

For defendant-respondent there was a brief submitted over the name of *Messrs. Pearce & Meloney.*

For plaintiff-respondent there was a brief with oral arguments by *Mr. W. L. McFarling* and *Mr. D. P. Price.*

BEAN, J.—It is claimed upon the part of the appealing defendants that after the purchase they made

a contract with C. A. Parvin for the sale of their interest in the ranch to him and that he alone was responsible to plaintiff.  This deal, however, was never fully consummated.  They also claim that there was no testimony showing that Parvin was authorized to act for the other defendants.

1, 2.  Where a cause is tried by the court without the intervention of a jury the findings of fact made by the court are deemed a verdict and may be set aside only for the same reasons: Section 159, L. O. L.; *U. S. Fidelity & Guaranty Co.* v. *Martin,* 77 Or. 369, 392 (149 Pac. 1023); *Doolittle* v. *Pacific Coast Safe & Vault Works,* 79 Or. 498, 503 (154 Pac. 753).  Upon an appeal based upon findings of fact made in such a case this court has repeatedly held that such findings made by the trial court cannot be set aside on appeal if there is any competent evidence to support them: *Flegel* v. *Koss,* 47 Or. 366 (83 Pac. 847); *Astoria R. Co.* v. *Kern,* 44 Or. 538 (76 Pac. 14); *Norman* v. *Ellis,* 74 Or. 168 (143 Pac. 1112); *Clackamas Southern R. Co.* v. *Vick,* 72 Or. 580 (144 Pac. 84).

3–6.  Considerable attention is devoted in the briefs of the learned counsel for the appealing defendants to the introduction of what is claimed to be incompetent evidence and it would seem that the argument verges upon the weight of the evidence which we cannot consider.  It is a well-recognized rule that where a cause is tried by the court without a jury it is presumed that the case has been decided upon the material evidence; therefore, the question recurs as to whether there was any evidence to support the findings.  The authority of Mr. Parvin to act for the other parties as indicated by the conversation they had with the plaintiff in March, 1915, was certainly direct and positive authority for him to act for them.  There is no claim

made that such power was ever canceled or withdrawn. It appears that in January, 1915, defendant Clark went to the ranch and the evidence tends to show that he acknowledged the debt due to plaintiff. In his testimony in regard to this conversation with Mr. Clark, Theodore Warren stated:

"Well, he said he had come up there to pay me this account. They wanted me to give possession to this man Bottemiller, and he come up to settle with me for this account."

They did not settle for the lease with Harris or with plaintiff, and Mr. Clark requested them to go to Woodburn the next week "and they would settle this all there." Plaintiff and Mr. Harris went to Woodburn where they settled with Mr. Harris for the lease and "they said they would ask me to wait." Obviously the tentative arrangement made between the appealing defendants and Mr. Parvin would affect only their own interests as between themselves, being coadventurers in the undertaking. It would not be expected or required that the farm laborer employed to do work on the wheat ranch would look after the title to the land. The fact that a settlement of the lease was not made until January, 1915, which is claimed by counsel for the defendants who have appealed as a condition precedent to the hiring of plaintiff, would not materially change the matter. According to the ordinary course of such farming the labor appears largely to have been done for the purpose of raising a crop in 1915, and the lease on the place up to March 1, 1915, would not affect the same in any manner. There was evidence in the case supporting the findings of fact which are of the same force as the verdict of a jury. Under Article VII, Section 3, of the Constitution of this state, the determination cannot be disturbed.

Finding no error in the record the judgment of the lower court is affirmed.                    AFFIRMED.

McBRIDE, C. J., MOORE and McCAMANT, JJ., concur.