Argued April 22, affirmed June 1, rehearing denied June 29, 1920.

# TILLAMOOK COUNTY *v.* JOHNSON.

(190 Pac. 159.)

**Eminent Domain—Owner Entitled to Damages for Constructing and Maintaining Fences Made Necessary.**

1. Where by condemning a road lands were divided, so that it was necessary for the owner to fence both sides, he is entitled to damages not only for the expense of constructing the fence but for maintaining the same.

**Eminent Domain—In Condemnation Proceeding Defendant must Specify the Damages Which He Seeks to Prove.**

2. In proceeding to condemn land for public road, defendants should specify in their answer the damages which will result, and evidence of damage not so specified is inadmissible.

**Eminent Domain—Instruction Limiting Damages to That Specified in the Answer Held Harmless.**

3. In eminent domain proceedings, instruction which limited the damages to that specified in the answer was harmless, though erroneous; evidence of damages not specified having been received.

**Appeal and Error—Opinion Evidence as to Value of Attorney's Services not Binding.**

4. In reviewing an award of attorney's fees, opinion evidence as to the value of attorney's services is not binding on the appellate court.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

The plaintiff, a municipal corporation, seeks to condemn a strip of land 60 feet in width, lying 30 feet on each side of the center line of the coast highway survey, through the land of the defendants Frank and Marie Johnson in Tillamook County, Oregon. The County Court of that county duly adopted a resolution declaring it necessary to acquire the strip for road purposes. The complaint states that the County Court has been unable to agree with the defendants upon the price, and that the damages to said defendants for the taking thereof do not exceed

$700. The state land board held a mortgage on the property involved, and for such reason its officers were made defendants.

The answer of the Johnsons admits the material allegations of the complaint except as to the amount of damages, and as a further and separate defense alleges their ownership of the land, possession of which the plaintiff had taken and held by force and arms, and declares that the land so taken, including the timber thereon, has a value of $950. This pleading further alleges:

"That the said strip of land seized and held by the plaintiff so divides and severs the lands of the defendants, contiguous and adjacent thereto, encumbers the said lands with additional burdens, casts thereon timber debris and waste taken from the strip aforesaid and thrown upon said contiguous and adjacent lands; that the last mentioned are depreciated in value by reason of the plaintiff's said acts in the sum of seven hundred and fifty ($750.00) dollars.

"That in order that the defendants shall at all times have the use and enjoyment of the said land contiguous and adjacent to the said strip of land seized by the plaintiff, it will be necessary for the defendants to build two fences along each side of the strip of land taken and seized as aforesaid by the plaintiff, at an expense of not less than four hundred and fifty ($450.00) dollars.

"That it will also be necessary for the defendants to maintain gates and passage ways from one portion to the other of said adjacent and contiguous lane to the defendants' further damage in the sum of five hundred dollars.

"That five hundred ($500.00) dollars is a reasonable attorney's fee for defending this action."

The answer concludes with a prayer for judgment for $2,650, together with $500 as attorney's fee, and costs.

The reply admits the ownership of the premises as alleged, but "denies each and every other allegation" of the answer.

A trial was had, and the jury, after viewing the premises, returned a verdict to the effect "that the defendants, Johnson, are entitled to damages herein in the sum of $775, the cash market value" of the land actually taken, and to the further sum of $150 as reasonable attorney's fee, but that they should not recover on account of any other damage. Thereupon judgment was entered that—

"Upon the payment of such damages and attorney's fee the land should be condemned and appropriated by the plaintiff for a county road."

The Johnsons appealed, claiming that the trial court erred in charging the jury in effect that the maintenance of fences to be constructed by them along the boundary line of the road through their premises was not an element of damage to be considered by the jury, and in refusing to give defendants' requested instruction No. 5. They also insist that there is no evidence upon which a jury could make a finding of less than $300 as attorney's fee.

AFFIRMED..

For appellants there was a brief over the name of *Messrs. Johnson & Handley,* with an oral argument by *Mr. Thomas B. Handley.*

For respondent there was a brief with oral arguments by *Mr. T. H. Goyne,* District Attorney, and *Mr. Webster Holmes.*

JOHNS, J.—1. It appears from the bill of exceptions that the length of the strip of land sought to be condemned is 2,581 feet; that it would divide the

lands of the appellants; that it would be necessary to fence each side of the strip, and that the cost of constructing the fences and gates would be approximately $400. After such evidence had been offered, Elmer Hall, as a witness for the defendants, testified over the objection of the plaintiff that when the fences were constructed the yearly cost of maintaining them would be about $50. In the first portion of its charge, the court instructed the jury that—

In arriving at the amount of appellant's damages, it might

"consider the necessity of the improvements and expenditure of money and labor which the defendants will be required or compelled to make on account of the appropriation or construction of the highway in order to enjoy reasonably such lands to the same extent as before the appropriation, such as the building and maintaining of fences and gates, the reopening or restoring of the passageways upon the land in going to and from one part to another."

Thereafter, upon the question of resulting damages, the court told the jury that the defendants would be entitled to recover "the reasonable cost of the construction of a reasonable fence on each side of the right of way, as part of the damages."

When the court had given its charge and before the jury had retired, the following dialogue occurred between the court and counsel for the appellants:

"Counsel.—The court instructed the jury that they are entitled to consider the cost of the construction of the fence, but there was nothing said about the maintenance of the fence after it was constructed.

"Court.—I do not think the maintenance of the fence would be an element of damages. I think the cost of construction is an element of damages, but not the maintenance.

"Counsel.—We except to the court's refusal to instruct the jury that the cost of maintenance of the

fence, after construction along the right of way, would be an element of damages in the case. And to the instruction of the court that it would not be an element of damages."

The first portion of the charge was correct. Lewis on Eminent Domain, Volume 2, Section 498, says:

"Where, by taking a part of a tract, additional fencing will be rendered necessary in order to the reasonable use and enjoyment of the remainder, as it probably will be used in the future, and the burden of constructing such additional fence is cast upon the owner of the land; then the burden of constructing and maintaining such fence in so far as it depreciates the value of the land, is a proper element to be considered in estimating the damages. * * It is a question of damage to the land, as land. If, in view of the probable future use of the land, additional fencing will be necessary, of which the jury or commissioners are to judge, and the owner must construct the fence if he has it, then the land is depreciated in proportion to the expense of constructing and maintaining such fencing. Nothing can be allowed for fence, as fence. The allowance should be for the depreciation of the land in consequence of the burden thus cast upon it."

The effect of the second instruction and the subsequent proceedings between court and counsel was to nullify the first instruction and take from the jury consideration of the cost of maintaining the fences. Under proper pleadings, this would have been reversible error.

2, 3. It devolved upon the appellants to make proper allegations in their answer as to how and why they would suffer damages, and to prove their claim by competent testimony. Although in a part of their answer above quoted they allege "that, in order that the defendants shall at all times have the use and enjoyment of the said lands contiguous and adjacent

to the said strip," it will be necessary for them to build fences along each side of the strip at an expense of not less than $450; it will be noted that there is no allegation concerning the cost of maintaining such fences. Testimony regarding this cost was received over the plaintiff's objection, which, under the pleadings, should have been sustained. Hence, although instructions upon that point were erroneous, as a matter of law, they were not prejudicial.

4. The appellants contend that there was no testimony which would sustain a verdict for any less amount than $300 as attorney's fee. In *Wright* v. *Conservative Inv. Co.,* 49 Or. 177 (89 Pac. 387), this court held that the amount of an attorney's fee is not within the discretion of the court, but should be determined from the evidence; and that where the only testimony fixed $50 as a reasonable fee, a finding of $30 was not supported. That principle was modified and in legal effect overruled by the opinion in *Lockhart* v. *Ferrey,* 59 Or. 179 (115 Pac. 431), which held that on appeal this court is not bound by opinion evidence as to the amount of attorney's fee to be allowed on a contract. Here, the only evidence on the subject before this court is the testimony of attorney Mannix, incorporated in the bill of exceptions, based upon which the jury found that $150 was a reasonable fee. After a careful reading of the record, we cannot say as a matter of law that there is no evidence to support that finding.

The judgment is affirmed.

                    AFFIRMED.  REHEARING DENIED.


McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.