Submitted on briefs January 11, affirmed February 8, 1927.

## OLE OLSON v. CHARLES BOLING ET AL.

(252 Pac. 961.)

**Stipulations—Stipulation That Court may Fix Fee of Lien Claimant's Attorney Without Testimony Estops Defendant, on Appeal, from Claiming No Evidence was Taken.**

1. Stipulation between attorneys of parties to action to foreclose mechanic's lien that court might fix fee of lien claimant's attorney without taking testimony estops defendant from claiming, upon appeal, that no evidence was taken concerning fee.

**Stipulations—Court may, at Its Discretion, Fix Fee of Lien Claimant's Attorney Without Evidence, When Attorneys have Stipulated Therefor.**

2. Court may, in foreclosure of mechanic's lien, exercise its discretion whether it shall fix fee of lien claimant's attorney without taking evidence, attorneys having stipulated for fixing fee without proof.

Appeal and Error, 4 C. J., p. 720, n. 51 New.
Costs, 15 C. J., p. 117, n. 23, p. 118, n. 28, 34 New.

From Columbia: JAMES A. EAKIN, Judge.

In Banc.

This is a suit to foreclose a mechanic's lien. The plaintiff agreed to build a six-room house for the defendants, doing all of the carpenter work above the foundation for $660. No plans or specifications were drawn. The contract between the plaintiff and defendants was oral. During the progress of the work a number of changes were made from the original contract for which the plaintiff claimed extras amounting to $253.52. The defendants offered to pay the contract price soon after the house was completed but refused to pay for the extra work claimed by the plaintiff. Thereupon the plaintiff prepared and filed a lien and this suit resulted. The defendants for a defense and counterclaim alleged that the house was

not constructed as agreed upon; that owing to poor workmanship is unsatisfactory, and the defendants have been damaged in the sum of $700 by reason of poor construction. The testimony consists of nearly 500 pages. The court found in favor of the plaintiff for $660, the contract price, and $125 for extra work, allowing to the defendants the sum of $35.50 as an offset for either defective work or work not completed. The defendants had paid the plaintiff $245. The judgment and decree is for the sum of $505, with interest at the rate of 6 per cent per annum from November 23, 1923, the date the house was completed, the further sum of $2 for recording the lien notice, $200 for attorney's fee and costs and disbursements.

AFFIRMED.

For appellants there was a brief over the name of *Mr. John L. Storla.*

For respondent there was a brief over the name of *Mr. Glen R. Metsker.*

COSHOW, J.—The entire question submitted to this court with one exception, which will be noted later, is one of fact and not of law. We have carefully read the testimony and given it due consideration and concur with the findings of fact made by the learned Circuit Court. In behalf of the defendants there was considerable evidence of defective work, but there was equally credible testimony to the effect that the workmanship in the main was good. The witnesses for the defendants did not agree in their testimony regarding the defective work, and we think the evidence preponderates in favor of the plaintiff.

It would be of no value to anyone for us to analyze and comment upon the testimony.

The defendants raise the question here that there was no evidence regarding the amount of a reasonable attorney's fee. In page 41 of the transcript of the testimony we find:

"Mr. Metsker: (Attorney for Plaintiff.) * * we have agreed to let the Court fix the reasonableness of the lien claimant's attorney's fee in case the Decree is for the Plaintiff in the case and let the records show that without the necessity of proving that item.

"Mr. Storla: (Attorney for Defendants.) Yes, that is satisfactory. I know what the Court generally allows me for Attorney's fee."

1, 2. Having stipulated that the court could fix the fee without taking testimony, the defendants are in no position to claim upon appeal that no evidence was taken. The judge doubtless was competent to fix the fee. He would have been a competent witness for that purpose. He was not obliged to fix the fee without evidence, but that was a matter resting in his discretion. Defendants ought not to be heard after inviting the error, if it was an error, to complain on this appeal. *Mael* v. *Stutsman,* 60 Or. 66, 68 (117 Pac. 1093), cited by the defendants, states the rule of law thus:

"It will be remembered that an issue existed respecting the reasonableness of the attorney's fees demanded. Without receiving any testimony on this controverted question, and in the absence of any stipulation as to what sum would have been reasonable as attorney's fees, judgment was given for $100 as suitable for that purpose."

In the case at bar the stipulation entered into in open court during the progress of the trial submit-

ting the question of a reasonable attorney's fee to the court was equivalent to a stipulation as to the amount of that fee as fixed by the court. The decree is affirmed without costs.