Argued March 21, reversed and remanded May 1, rehearing denied June 12, 1928.

## CYRIL G. BROWNELL ET AL. *v.* PRESTON HEITMAN ET AL.

(266 Pac. 1067.)

Appeal and Error—Findings of Fact Made by Court Trying Action Without Jury, may not be Set Aside on Appeal if Sustained by Competent Evidence (Or. L., § 159).

1. Findings of fact, made by court trying action, without assistance of jury, under Section 159, Or. L., may not be set aside on appeal if sustained by competent evidence.

---

1. See 2 R. C. L. 206.

Appeal and Error—Trier of Facts, Whether Court or Jury, is Judge of 'Weight of Evidence and Credibility of Witnesses.

2. Trier of facts is exclusive judge of weight of evidence and credibility of witnesses, whether facts are tried by jury or court without intervention of jury, under Section 159, Or. L.

Evidence — Generally, Parol Evidence of Payee's Declaration to Maker of Note at Time of Signing That Maker shall not be Called on to Pay is Incompetent.

3. It is general rule that parol evidence of declaration by payee to maker of note at time of signing, that such maker shall not be called on to pay note, is incompetent in action on note.

Evidence — Testimony of Maker of Renewal Note That Payee Declared Liability was not Maker's Held Incompetent to Show Want of Consideration (Or. L., § 799, Subd. 21).

4. In action on renewal note, testimony of maker that payee declared that liability was not maker's *held* incompetent to show that note was without consideration, in view of Section 799, subdivision 21, Or. L.

Appeal and Error—Generally, in Case Tried by Court, Error in Admission of Evidence is not Ground for Reversal, if Legal Evidence Supports Judgment.

5. Where case is tried by court without jury, under Section 159, Or. L., general rule is that error in admission of evidence is not ground for reversal, if there is sufficient legal evidence to support judgment or finding, since it is presumed that judge disregarded illegal evidence; and especially is this true where judge states or findings show that he did not consider it in arriving at his decision.

Bills and Notes — Evidence Held Insufficient to Show Note was Without Consideration, After Incompetent Testimony was Stricken.

6. In action on promissory note tried by court without assistance of jury, evidence *held* insufficient to show that note was without consideration, after incompetent testimony was stricken.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 2.

This is an action at law founded upon a promissory note reading:

---

3. Admissibility of parol evidence to prove agreement by bank officers that liability of party to commercial paper shall not be enforced, see note in 28 L. R. A. (N. S.) 501.

4. Contemporaneous parol agreement as defense to action on, see note in 43 L. R. A. 449.

5. See 2 R. C. L. 252.

"$415.36        Portland, Oregon, August 26, 1921.

"Sixty days after date, for value received, I, we, or either of us, promise to pay to the order of People's Bank, Portland, Oregon, Four Hundred and Fifteen and Thirty-Six Hundredths Dollars, in Gold Coin of the United States of America, at the office of People's Bank, Portland, Oregon, with interest thereon in like Gold Coin at the rate of eight per cent. per annum from date until paid, interest payable quarterly.

"In case suit or action is instituted to collect this note, or any portion thereof, I, we, or either of us, promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit or action.

"ROSE CITY PARK GARAGE,
"PRESTON HEITMAN."

The complaint alleges that there is due and unpaid on the note a balance of $320.12, with interest at 8 per cent per annum from October 20, 1921. After denying some of the material allegations of the complaint, defendant Heitman pleaded estoppel, laches and absence of consideration, but was restricted by the court to the defense last named. The case was tried to the court without the intervention of a jury. A judgment was entered dismissing the complaint, and plaintiffs appeal.

REVERSED AND REMANDED.  REHEARING DENIED.

For appellants there was a brief over the names of *Mr. William G. Smith* and *Mr. Joseph K. Carson, Jr.,* with an oral argument by *Mr. Smith.*

For respondents there was a brief over the names of *Mr. Louis E. Schmitt, Mr. Bradley A. Ewers* and *Mr. J. B. Rhodes,* with an oral argument by *Mr. Schmitt.*

BROWN, J.—1, 2. When an action is tried by the court without the assistance of a jury, the findings of fact made by the court are deemed a verdict, and may be set aside in the same manner and for the same reasons: Or. L., § 159, and the many local cases there cited. However, if sustained by competent evidence, findings of fact cannot be set aside on appeal: *Warren* v. *Dinwoodie*, 88 Or. 342 (171 Pac. 1175). In other words, the trier of the facts is the exclusive judge of the weight of the evidence and the credibility of the witnesses. This is so whether the facts are tried by a jury or by a court without the intervention of a jury.

3. Was the note in question executed without consideration?

It is a presumption of law that a promissory note was given for a sufficient consideration: Or. L., § 799, subd. 21; *Flint* v. *Phipps*, 16 Or. 437 (19 Pac. 543); *Fassett* v. *Boswell*, 59 Or. 288 (117 Pac. 302); *Reid* v. *Multnomah County*, 100 Or. 310 (196 Pac. 394).

4–6. It appears from the testimony that the note forming the basis of this action is a renewal note, and that the only consideration received by the defendant for the execution of the former note was the cancellation and return of a prior note that had been executed by the firm of Waldorf and Work, his predecessors in interest of the Rose City Garage. Hugh C. Gruwell, the bank cashier, testified that the satisfaction of the Waldorf and Work note was to cover a part of the purchase price of the Rose City Garage by this defendant. The defendant Heitman testified over plaintiff's objection that at the time he signed the former note, i. e., the note dated May 28, 1921, the bank cashier represented that it "would not be a liability of

mine; that he would never look to me for the pay of
the note; that there would be no liability on my part'';
and that, when that note was renewed by the note
forming the subject matter of this action, the cashier
again represented to Heitman that he would not be
liable on the note. Heitman testified, over objection:

"The second time when I signed the note, the sec-
ond time he asked me to sign, I told him that I didn't
want to sign it, that it was not a part of my own obli-
gation. * * I didn't want to sign it because it was
not a part of my own obligation, and he said, 'There
will be no liability on your part.' , He said, 'This is
no liability of yours. I want you to sign so as to
have two signatures on the note.' He says, 'There is
no liability of yours whatever. I will never look to
you for the pay.' And he never did."

As bearing on this feature of the case, see *Ameri-
can Nat. Bank* v. *Kerley,* 109 Or. 155 (220 Pac. 116),
where this court quoted with approval the following
excerpt from *Neal* v. *Wilson,* 213 Mass. 336 (100 N. E.
544):

"Where a defendant for the accommodation of a
debtor and without consideration gives his note or
check to a creditor of the debtor in payment of or as
security for the debt due from the debtor to the credi-
tor, he is liable to the creditor on the note or check."

It is a general rule that parol evidence of declara-
tion by payee to a maker of a promissory note at the
time of signing that such maker shall not be called
upon to pay the note is incompetent: *Wright* v. *Rem-
ington,* 41 N. J. Law (12 Vroom), 48 (32 Am. Rep. 180);
*Davy* v. *Kelley,* 66 Wis. 452 (29 N. W. 232). In sup-
port of the proposition that oral evidence is not ad-
missible to contradict a writing, and that a contem-
poraneous parol agreement between the parties to a

note contradicting its terms is not a sufficient defense to an action on the note, see extensive list of authorities in 43 L. R. A. 449.

The writing in the case before us evidences that "I (Preston Heitman) * * promise to pay to the order of People's Bank" a definite and certain sum of money at a definite and certain time.

In the case of *McFarland* v. *Hueners,* 96 Or. 579 (190 Pac. 584), this court held that a parol agreement made at the time of the execution of a note, providing that the payee will not assert any personal liability against the maker, cannot be successfully set forth to vary the terms of such note.

As to the admissibility of evidence of such an agreement, the case of *Wheelock* v. *Hondius,* 74 Colo. 400 (222 Pac. 404), thus states the rule:

"The parol evidence rule permits reception of oral testimony of a contemporaneous oral agreement to show conditional delivery, but not to show that the note is not to be paid at all. (Citing cases.)"

In the case of *American Nat. Bank* v. *Kerley et al., supra,* where the defense was made that the defendants signed the note in question on condition that eighteen additional signatures be secured, the court held that the conversation had at the time of the execution of the note was competent for the purpose of determining the condition upon which they signed.

Under the great weight of authority, it is clear that, in the absence of fraud or deceit, parol evidence is not competent for the purpose of proving the declaration of payee that the payor shall not be called upon to pay the note. However, as to the effect of error in the admission of evidence, a case tried by the court

without a jury is like a suit in equity; and, in such case, the general rule is:

"Error in the admission of evidence is not a ground for reversal, if there is sufficient legal evidence to support the judgment or finding, since it will be presumed, if nothing appears to the contrary, that the judge disregarded such evidence and tried the case on proper testimony only; and especially is this true where the judge states or the findings show that he did not consider it in arriving at his decision." 38 Cyc. 1939, 1940, 1941.

Hence, if it appeared from the record herein that the trial judge disregarded the incompetent testimony hereinbefore referred to, it would be necessary to affirm this cause. However, we have carefully reviewed the evidence adduced, and from such review we are satisfied that if the incompetent testimony is stricken from the record, there is an insufficiency of evidence upon which to hold that the note was given without consideration.

This case is reversed and remanded for further action not inconsistent with this opinion.

REVERSED AND REMANDED. REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.