Argued at Pendleton October 30, affirmed November 27, 1928.

## DELLA OFFICER *v.* JESSE SNYDER CUMMINGS ET AL., EXECUTORS.

(272 Pac. 273.)

For appellants there was a brief over the name of *Mr. George H. Cattanach,* with an oral argument by *Mr. Errett Hicks.*

For respondent there was a brief over the name of *Mr. F. A. McMenamin,* with an oral argument by *Mr. John J. Beckman.*

BELT, J.—Plaintiff commenced an action against her father, A. P. Snyder, now deceased, to recover upon an express contract, the value of her services rendered to him as "housekeeper, nurse and caretaker in his home," between and including April 1, 1914, and February 28, 1922. Upon the death of her father in June, 1927, an order of substitution was made, making the executors of his estate defendants. The reasonable value of such services is alleged to be

$65 per month. It is also alleged that $600 is a reasonable sum as an attorney fee for the prosecution of the action. Defendants answered alleging payment and that the action is barred by the statute of limitations. A verdict was rendered in favor of plaintiff for $1,480 and for an attorney fee as demanded in the complaint. Defendants appeal.

 Exception is taken to the following instruction:

"I further instruct you as to the statute of limitations as applicable to the first cause of action, that if you find there was an entire contract for the performance by plaintiff of continuous services, and the term thereof and time of payment were not agreed upon, and if you further find that the plaintiff did perform such services continuously, then I instruct you that the statute of limitations as to such services would not begin to run until the completion of the employment. The claim for wages in the first cause of action alleged in the complaint would be barred in six years from the completion of such services, if you find that they were performed as alleged."

The above instruction is in keeping with the rule announced by this court in *Branch* v. *Lambert,* 103 Or. 423 (205 Pac. 995), wherein it was said:

"Where a claim is made for labor and services, and the matters specified therein are the outgrowth of an entire contract for continuous labor and services, the demand will be regarded as an entire contract, and the right to bring an action thereon accrues at the completion of the services or at the time the claimant ceased to render the services upon which the claim is based, unless a later date for payment has been fixed by the parties to the contract." Citing 17 R. C. L. 797; *Eliot* v. *Lawton,* 7 Allen (Mass.), 274, 83 Am. Dec. 683.

We are unable to agree with the contention of the defendants that there is no evidence upon which to base the instruction. Plaintiff, in substance, testified that she was employed by her father as alleged in the complaint and that she worked continuously until discharged by him on February 28, 1922; that there was no agreement as to the rate of compensation nor the term of the employment; and that no demand for payment was made until she was discharged. In response to the question, "Why did you not ask for your wages?" the plaintiff testified, "I told him in our agreement, when we first made our agreement, that I had money of my own * * and when I did need it I would ask him for it." We cannot assume, with counsel for defendants, that the contract of employment was from month to month. Nor was it an ordinary farm labor contract to which evidence of custom as to time of payment of wages might apply.

Where continuous services have been rendered for a long period of time, under a contract of employment, no rate of compensation nor term of employment having been specified, the statute of limitations does not begin to run until the completion of the services or the termination of the contract. While the authorities are conflicting (*Matter of Application of Gardner,* 103 N. Y. 533 (9 N. E. 306, 57 Am. Rep. 768); *Miller* v. *Lash,* 85 N. C. 51 (39 Am. Rep. 678), the rule stated is well established in many jurisdictions: *Harmon* v. *Smitch,* 86 Ind. App. 527 (157 N. E. 284, 158 N. E. 627); *McCarthy* v. *Paris* (Idaho), 267 Pac. 232; *Gaulden* v. *Ramsey,* 123 Miss. 1 (85 South. 109); *Carter* v. *Carter,* 36 Mich. 207; *Gulbranson* v. *Thompson,* 63 Utah, 115 (222 Pac. 590); *Sibley* v. *Stetson & Post Lumber Co.,* 110

Wash. 204 (188 Pac. 389); *Bowie* v. *Trowbridge,* 175 Iowa, 118 (156 N. W. 977, Ann. Cas. 1917D, 1067, L. R. A. 1916D, 1260); 3 Williston on Contracts, § 2029; 37 C. J. 824.

■ We see no merit in the contention that the court should have discharged the jury and declared a mistrial because of alleged misconduct of attorney for the plaintiff in that, on cross-examination of Mrs. Damon, a sister of the plaintiff, she was asked: "You are one of the beneficiaries under the will of A. P. Snyder, are you not?" and the further question, "And Mrs. Officer only received $5 under the will?" The first question, in our opinion, was proper as the jury was entitled to know what interest, if any, the witness had in the outcome of the case. It is to be borne in mind that this was an action against the estate in which the witness was interested, as she was a beneficiary under the will. The second question was not answered. We do not think it was purposely injected into the case to prejudice the jury. Furthermore, in view of the defense of payment, plaintiff might properly show that she was not compensated by her father in his will for the services rendered. If plaintiff had been given a substantial allowance by the father in his will it might well have been argued by defendants that the existence of the alleged contract of employment was highly improbable.

■■ Defendants complain because the court, in answer to the jury's request for further instructions relative to attorney fees, stated:

"You cannot bring in the amount above $600, that being the amount sued for, and you cannot bring in the amount under $600 because there is no testimony to any contrary amount in this case."

Notwithstanding the only testimony on this issue was that of Mr. A. D. Leedy, an attorney, that in his opinion $600 was a reasonable fee, nevertheless the amount of the fee, not exceeding that demanded in the complaint, was a question for the jury to determine. Courts or juries may be influenced but are not bound by the testimony of expert witnesses as to what is a reasonable attorney fee: *Tracy* v. *Spitzer-Rorick Trust & Savings Bank* (8th Circuit), 12 Fed. (2d) 755; *Lowe* v. *Reed,* 207 Ala. 278 (92 South. 467); *Riddle* v. *Street* (Ala.), 117 South. 653; *Bartlett* v. *Louisville Trust Co.,* 212 Ky. 13 (277 S. W. 250); *Kendrick* v. *Gould,* 51 Cal. App. 712 (197 Pac. 681); *Gruskey* v. *Simenauskas,* 107 Conn. 380 (140 Atl. 724); *Titche* v. *Hiller,* 5 La. App. 375.; 6 C. J. 763; 2 R. C. L. 1061. *Wright* v. *Conservative Invest. Co.,* 49 Or. 177 (89 Pac. 387), supports the instruction given by the trial court, but the rule in that case relative to attorney fees has been overruled in *Lockhart* v. *Ferrey,* 59 Or. 179 (115 Pac. 431), and in *Tillamook County* v. *Johnson,* 96 Or. 623 (190 Pac. 159, 10 A. L. R. 448), and is no longer controlling. As was said by Mr. Justice FIELD in *Head* v. *Hargrave,* 105 U. S. 45 (26 L. Ed. 1028):

"It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying it to their own experience and knowledge of the character of such services."

While it is clear that an error was committed in thus instructing the jury, we think it does not justify a reversal. Defendants did not contest the amount of the attorney's fee. This case occupied the time of

the court for about one week. Counsel for defendants know, as this court well knows, that if plaintiff was entitled to prevail, $600 is a reasonable sum to be allowed as attorney fees.

The judgment of the trial court is, therefore, affirmed. AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.