Argued May 1, affirmed July 19, 1961

# STATE HIGHWAY COMMISSION ET AL *v.*
# KENDRICK ET AL

363 P. 2d 1078

*Charles Peterson,* Assistant Attorney General, of Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, Salem, and L. I. Lindas, Assistant Attorney General and Chief Counsel for the Oregon State Highway Commission, Salem.

*George Corey,* Pendleton, argued the cause for respondents. On the brief was George W. Mead, Portland.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

McALLISTER, C. J.

This is a proceeding brought by the State Highway Commission to condemn land in Hood River county in connection with the widening of the Columbia River highway. The case was tried to a jury which fixed the damages to be paid defendants. Thereafter the judge held a hearing and fixed the attorney's fee to be allowed the defendants pursuant to ORS 366.380(9).[1] Judgment was then entered condemning the property for public purposes. The state appealed from the judgment in its entirety but challenges only the amount of the attorney's fee allowed.

The defendants demanded $17,500 for the property taken, the state offered $1,152, and the jury awarded $5,930. Three days were spent in the trial of the case, and defendants' attorney testified that he spent an additional three days in preparing the case for trial.

---

[1] 366.380(9) The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants.

The only expert testimony concerning the attorney's fee was given by a lawyer called by the defendants. The witness testified that in his opinion a reasonable fee for services rendered by defendants' attorney was $1,900. The trial court allowed a fee of $1,600.

In its only assignment of error the commission contends that the court in fixing the attorney's fee erred in considering the result accomplished, i.e., the difference between the amount offered by the state and the amount awarded by the jury. The commission asks that this court review or try de novo the allowance of attorney's fee and reduce the amount allowed in the court below.

■ In Oregon a condemnation proceeding is treated as an action at law. ORS 366.375(3)② provides that a condemnation proceeding by the State Highway Commission to acquire real property for public use "shall be commenced and prosecuted to final determination in the same manner as an action at law." This provision was included as part of chapter 182, Oregon Laws 1919, which first enacted a special statute covering condemnation proceedings by the State Highway Commission. The provision originated in 1862 in statutes providing for the condemnation of land by corporations possessing the power of eminent domain. See 1862; D p 670 § 41; now ORS 35.020.

■ It has long been settled in Oregon that the amount of the attorney's fee to be allowed in an action at law is a question of fact to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact. The rule is applicable whether the attorney's fee is allowed by statute; *Offi-*

---

② 366.375(3) Except as otherwise provided in ORS 366.375 to 366.390, such action or proceeding shall be commenced and prosecuted to final determination in the same manner as an action at law.

*cer v. Cummings et al,* 127 Or 320, 325, 272 P 273; *State ex rel v. Hawk et al,* 105 Or 319, 336, 208 P 709; *Tillamook County v. Johnson,* 96 Or 623, 628, 190 P 159, 10 ALR 448; *State v. Ganong,* 93 Or 440, 457, 184 P 233; or by contract; *Mael v. Stutsman,* 60 Or 66, 68, 117 P 1093; *First National Bank v. Mack,* 35 Or 122, 131, 57 P 326; *Cox v. Alexander,* 30 Or 438, 444, 46 P 794; *Bowles v. Doble,* 11 Or 474, 482, 5 P 918.

The same rule applies in equity suits, *Livesay v. Lee Hing,* 139 Or 450, 454, 9 P2d 133, 84 ALR 118; *Columbia River Door Co. v. Todd,* 90 Or 147, 152, 175 P 443, 860; *Sattler v. Knapp,* 60 Or 466, 468, 120 P 2; *Guernsey v. Marks,* 55 Or 323, 328, 106 P 334; *Waymire v. Shipley,* 52 Or 464, 475, 97 P 807; *Wright v. Conservative Invest. Co.,* 49 Or 177, 180, 89 P 387; *Lassas v. McCarty,* 47 Or 474, 484, 84 P 76; *Bradtfeldt v. Cook,* 27 Or 194, 204, 40 P 1.

The only exception to the rule, either in law or in equity, is when the parties stipulate that the court may fix the attorney's fee without hearing evidence on that issue. *Randolph v. Christensen et al,* 124 Or 661, 671, 265 P 797; *Olson v. Boling et al,* 120 Or 554, 556, 252 P 961; *Manley Auto Co. v. Jackson,* 115 Or 396, 403, 237 P 982; *Portland Sash & Door Co. v. Parker,* 61 Or 203, 204, 121 P 1134; *Wills v. Zanello,* 59 Or 291, 296, 117 P 291; Cf., *Columbia River Door Co. v. Todd,* supra; *State v. Ganong,* supra.

ORS chapter 35, which applies to condemnation proceedings not authorized by special statute, provides in ORS 35.110[9] for the recovery of an attorney's fee

---

[9] 35.110 Cost and disbursements. The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial, shall be taxed by the clerk and recovered from the plaintiff, unless the plaintiff tendered the defendant before commencing the action an amount equal to or greater than that assessed by the jury, in which case the plaintiff shall recover his costs and disbursements from the defendant, but not including an attorney's fee.

"to be fixed by the court at the trial". This statute from 1913 to the effective date of chapter 182, Oregon Laws 1919 applied to condemnation proceedings by the State Highway Commission. During that period this court held in *State v. Ganong,* supra, a Highway Commission proceeding, that the phrase "to be fixed by the court at the trial" meant that the attorney's fee must be fixed at the trial by the jury.

■ Chapter 182, Oregon Laws 1919, specifically prohibited the recovery of attorney's fees in condemnation proceedings by the State Highway Commission. This statute, now ORS 366.380(9), remained unchanged until it was amended by Chapter 283, Oregon Laws 1947 to provide for the recovery of attorney's fees "to be fixed by the court". It will be noted that the words "at the trial" contained in ORS 35.110 were omitted. Under ORS 366.380(9) since the 1947 amendment it apparently has been the uniform practice for the judge to fix the attorney's fee if it appears that the commission before commencing the action tendered the defendant an amount smaller than that assessed by the jury. *State Highway Com. v. Vella,* 213 Or 386, 388, 323 P2d 941; *State Highway Com. v. Efem Whse. Co.,* 207 Or 237, 240, 295 P2d 1101, 70 ALR2d 797; *State Highway Com. v. Burk et al,* 200 Or 211, 261, 265 P2d 783. But whether the attorney's fee is fixed by the judge or the jury, there can be no doubt that the fixing of the amount of an attorney's fee under ORS 366.380(9) is the trial of an issue of fact in a proceeding designated by ORS 366.375 (3) as an action at law.

■ In an action at law tried by the court without a jury the findings of the court have the same force and effect as a jury verdict and may be set aside only

for the same reasons. ORS 17.435.④ Such findings can be set aside on appeal only if they are not supported by any substantial competent evidence. See *Miller Const. Co. v. D. M. Drake Co.*, 221 Or 249, 268, 351 P2d 41; *Brazeale v. State Ind. Acc. Comm.*, 190 Or 565, 573, 227 P2d 804; *Bowser v. State Indus. Accident Comm.*, 182 Or 42, 44, 185 P2d 891; *Burke Mchy Co. v. Copenhagen*, 138 Or 314, 316, 6 P2d 886; *Brownell et al v. Heitman et al*, 125 Or 515, 518, 266 P 1067; *Warren v. Dinwoodie*, 88 Or 342, 344, 171 P 1175; *Thompson v. Sargent*, 66 Or 384, 386, 134 P 7; *Good v. Smith*, 44 Or 578, 585, 76 P 354; *Hallock v. City of Portland*, 8 Or 29. For additional cases see the annotations to ORS 17.435.

■ Since there is no contention in this case that the finding of the trial court with regard to the attorney's fee is not adequately supported by the evidence, the finding cannot be disturbed by this court. If, as the commission contends, the allowance of attorney's fees in condemnation proceedings is causing an undue drain on the revenues of the commission, the problem can be solved by the legislature but not by this court. Any pronouncement on our part limiting the fees to be allowed in these cases would be an invasion of the legislative prerogative.

The judgment is affirmed.

---

④ 17.435. Court's findings deemed verdict; new trial. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reasons, as far as applicable, and a new trial granted.