Argued January 11, affirmed in part; reversed in part May 2, 1978

## BENJ. FRANKLIN FEDERAL SAVINGS AND LOAN ASSOCIATION OF PORTLAND, *Respondent,*
### *v.*
## ALMOND, *Appellant.*
### (TC A7608-11050, SC 25345)
577 P2d 937

Bonnie J. Mentzer, Legal Aid Service, Portland, argued the cause and filed briefs for appellants.

Dennis H. Quade of Wheelock, Niehaus, Hanna, Murphy & Ogilvy, Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, Tongue and Linde, Justices, and Richardson, Justice Pro Tempore.

LINDE, J.

## LINDE, J.

Plaintiff obtained a decree against defendants Edwin and Margareta Almond which ordered a judgment against them on a promissory note for $2,321.32 plus interest, costs, and $1,440 in attorney fees, and the foreclosure sale of defendants' real property that was mortgaged to plaintiff to secure the note. Defendant Margareta Almond appeals, contending that the foreclosure suit was barred by an earlier decree and that the award of attorney fees was improper.

The note and mortgage at issue were executed by defendant and her husband in July 1971 to obtain financing for a swimming pool to be constructed by a Mr. Medford, doing business as Beaver Pools and Construction, and were assigned by that company to plaintiff. Unknown to plaintiff, the arrangements were that part of the construction financed by plaintiff's loan would be done by Almond himself. The project ended in failure and controversy, with the Almonds refusing to make any of the installment payments due on the note. Plaintiff brought suit in March 1973 against both the Almonds and Mr. and Mrs. Medford, in which it asked foreclosure of the mortgage, and the Almonds cross-claimed against the Medfords. This suit resulted in a decree,[1] which rearranged the mutual obligations of the parties, entering a judgment for plaintiff against the Almonds of $2,460 plus interest, to be paid in installments, and against Mr. Medford for $1,000, for which the Almonds remained secondarily liable. The court denied plaintiff attorney fees and nothing was said about foreclosure. No party appealed from this decree.

The Almonds ceased making installment payments in September 1975, and in 1976 plaintiff brought the present foreclosure suit that resulted in the decree stated above.

---

[1] The court's action was in the form of a letter to the parties, but no issue was made of this.

■ Defendant pleaded below, and argues here, that this suit was barred because plaintiff requested both a money judgment and also foreclosure and sale of the mortgaged property in the first suit, and that the decree in that suit, which did not include foreclosure, substituted a new installment obligation for the original note and mortgage. The trial court rejected this argument, stating that "the note and mortgage were not extinguished by this court's prior decree," and that plaintiff could base a second foreclosure action on defendants' nonperformance under the first decree. Plaintiff relies on ORS 11.030, which provides for successive actions or suits when a new cause (here the cessation of payments) arises from the same contract or transaction, and also on the discretion of an equity court to deny foreclosure in one suit without thereby depriving a mortgagee of the foreclosure remedy in case of a possible later default. We agree with plaintiff's view of the first decree. It is true that the court's letter was informal and inexplicit on this point, but we consider it improbable that its order was meant to displace plaintiff's foreclosure rights sub silentio, or that plaintiff would have done nothing further in that case if the parties had so understood it. On this issue, the present decree is affirmed.

■ As to the attorney fees awarded plaintiff by the trial court, defendant points out that the case was submitted on a written stipulation, which did not provide for setting attorney fees, and no other evidence was submitted or hearing held on the issue. Plaintiff responds that, though defendant's answer included a denial of plaintiff's claim of attorney fees, defendant should be held to have waived this denial by entering a stipulation designed to remove the need for a factual trial or should be estopped because plaintiff relied on this assumption, especially in an equity matter. However, it is well established that in equity as well as at law, once a claim for attorney fees is denied, the court may decide it only upon evidence or stipulation. See cases cited in *State Highway Comm'n*

*v. Kendrick,* 227 Or 608, 611, 363 P2d 1078 (1961). In the absence of either, the award of attorney fees is set aside. Costs to neither party in this court.

Affirmed in part and reversed in part.