Argued September 27, 1978, affirmed in
part; reversed in part June 11, 1979

NICOLETTI, *Respondent,*
*v.*
DAMEROW FORD CO., *Appellant.*
(No. A7702-02765, CA 10103)

595 P2d 1286

Ridgway K. Foley, Jr., Portland, argued the cause for appellant. With him on the briefs were Neva T. Campbell, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Stuart O. Kendall, Lake Oswego, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and *Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

*Johnson, J., resigned December 18, 1978.

[587]

## ROBERTS, J.

Defendant appeals from the trial court's award of attorney fees to plaintiff following a jury award of damages.

Plaintiff brought an action against defendant for damages to his vehicle while in bailment, alleging in his complaint a right to attorney fees pursuant to an agreement with the defendant and praying "$1,750 as reasonable attorney's fees." The allegation was denied by defendant in its answer.

The agreement between the parties, which was in the form of a work order, made the following provision for attorney fees:

> "If any of such charges remain unpaid for thirty (30) days after such request for payment, Said [sic] Dealer may also refer such charges to its attorneys for collection and the customer will pay a reasonable attorney's fees."

Plaintiff based his claim for attorney fees on ORS 20.096, which provides in relevant part:

> "(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, *the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees* in addition to costs and necessary disbursements." (Emphasis supplied.)

Apart from testimony by the plaintiff that he had incurred $1500 in attorney fees, no evidence was presented on the issue of reasonable fees at trial. The plaintiff did not request an instruction directing the jury to set attorney fees and the issue was not presented to the jury for determination.

Following the jury verdict awarding him damages on the merits of his action, the plaintiff moved the court for an award of attorney fees. The judge, sitting without a jury, held a hearing on the motion at which time the defendant objected to any allowance of

attorney fees, contending that no substantial evidence of reasonable attorney fees had been presented and that defendant had a right to have the issue decided by the jury.

The trial judge held that the plaintiff was entitled to attorney fees, stating:

"I am satisfied the statute — The legislature intended and certainly as construed by the Supreme Court, intends attorney fees be fixed by the Court and in a post-trial proceeding."[1]

The judge asked plaintiff's counsel to submit a written statement of time spent on the case and costs incurred, with a copy to defendant's counsel. He told the defendant's counsel to notify him promptly if defendant desired a hearing to contest the statement. Plaintiff's counsel submitted an itemized statement and defendant did not request a hearing. The trial judge set attorney fees at $1500 and included the amount in the judgment.

Defendant seeks reversal on two grounds: First, that the plaintiff failed at all times to offer evidence of the reasonableness of the fees and, second, that the parties having made no stipulation allowing the court to decide the issue of attorney fees, defendant was entitled to have the jury decide the issue.

We examine these claims in reverse order. Whether, under ORS 20.096, the question of attorney fees must be decided by the jury where there has been a jury trial is a question of first impression.

In *State High. Com. et al v. Kendrick et al,* 227 Or 608, 363 P2d 1078 (1961), the Supreme Court stated:

"It has long been settled in Oregon that the amount of the attorney's fee to be allowed in an action at law is a question of fact to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact." 227 Or at 610.

[1] In drawing this conclusion, the trial court relied on *Gorman v. Boyer,* 274 Or 467, 547 P2d 123 (1976)

The above-quoted dictum from *State High. Com.* does not by itself answer the question before us. The issue in the case was the amount of attorney fees, not who should set them. In fact, there was a jury trial on the merits and the fees were set by the judge pursuant to ORS 366.380(9), which provides for attorney fees in condemnation cases to be "fixed by the court." The language takes on additional persuasivenes, however, because it has been cited by the Supreme Court in the recently decided case of *Pritchett v. Fry,* 286 Or 189, 593 P2d 1133, (1979). Although the question presented in *Pritchett* was not the same as the question before us, we believe that the decision bears on our holding today.

*Pritchett* involved interpretation of the following language from ORS 91.755:

"In any action on a rental agreement * * * reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements * * *."

Apparently the defendant made no allegation of attorney fees, but merely included an amount for that item in his prayer. Following a jury trial, judgment was entered for defendant and defendant submitted a cost bill to the court, including a request for attorney fees. On appeal to this court, we held that under the language of the statute attorney fees could be included with the cost bill and, therefore, did not have to be pleaded. *Pritchett v. Fry,* 34 Or App 165, 578 P2d 443 (1978). The Supreme Court reversed, holding that under the statute in question, attorney fees are not part of "costs" and, therefore, must be pleaded and proved at trial. In the course of its discussion of the different effects of treating attorney fees separately or as part of costs, the Supreme Court stated:

"Generally in those cases in which attorney fees may be recovered, the right to attorney fees must be alleged and proven as part of the trial, and the amount of recovery is a question for the trier of the facts. *State High. Com. et al v. Kendrick et al,* 227 Or

608, 363 P2d 1078 (1961); *Draper v. Mullennex,* 225 Or 267, 357 P2d 519 (1960)." *Pritchett v. Fry, supra,* 286 Or at 191.

This language does not specifically state that where the facts of a case are tried to a jury, the jury must also decide attorney fees, but it does say that "attorney fees must be alleged and proven as part of the trial," which we conclude does not allow a separate hearing on only the issue of attorney fees absent a stipulation. The court also stated "the amount of recovery is a question for the trier of fact," from which we conclude that if the trier of fact is the court, it will also set attorney fees, but if the trier of fact is the jury, then the jury must determine the attorney fees.

While we recognize that the language from *Pritchett* upon which we rely may be dicta, it nevertheless is a re-emphasis of the same language from *State High. Com. et al v. Kendrick et al, supra,* and we interpret the citing of this language along with the reversal in *Pritchett* as meaning that attorney fees should have been determined by the jury.[2] It follows that the judgment as to attorney fees cannot stand.

Having concluded that the question should have been decided by the jury, we do not reach the question of the sufficiency of the evidence of reasonableness since the evidence was presented to the court and was never heard by the jury.

Affirmed in part; reversed in part.

---

[2] While we feel compelled to reach this holding by the cases interpreting this statute, we are mindful of the numerous statutory sections which provide for attorney fees to be set by the court without provision for an alternate course where the merits have been tried to a jury. *See, e.g.,* ORS 13.260(2), 13.390, 20.080, 20.090, 20.094, 20.098, 30.680, 646.641(2) and 659.220.